QUINCY W. WELLINGTON, Respondent, *v.* MARY J. KELLY et al., Executors, etc., et al., Appellants.

H. claimed title to a mortgage executed by B. to F. under a trust deed executed by the latter. F. brought suit against H. to set aside the trust deed, in which action a receiver was appointed of the trust property with authority to collect and satisfy the mortgage. While the order appointing the receiver was in force, one J. F. H., without authority from or request by B., paid to the receiver the amount of said mortgage, receiving the mortgage and a satisfaction-piece thereof, and the receiver paid over the amount to F. H. thereafter commenced an action to foreclose the mortgage, making B., the mortgagor, and T., who held a junior mortgage on the premises, defendants. B. answered, alleging payment and satisfaction of the mortgage. B. and T., thereupon, entered into a contract with J F. H., by which the latter agreed to furnish the papers and evidence to sustain the defense ; in consideration thereof, and if the defense should be successful, B. and T. agreed to pay one-half the amount of the mortgage. J. F. H. performed the contract on his part and the action of H. was defeated. In an action upon the contract, *held,* that plaintiff was entitled to recover, that no corrupt intention appeared upon the face of the contract, and under the circumstances disclosed, there was no ground for supposing that it was entered into for the purpose of perverting justice by procuring false testimony in support of the defense in the foreclosure suit.

As to whether payment of a debt by a stranger is a satisfaction, *quære.*

(Argued March 2, 1881 ; decided March 22, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made April 6, 1880, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This action was brought upon a contract dated January 26, 1874, made between Joseph F. Hill, plaintiff's assignor, and Morris Brown and Nelson Thompson, the original defendants herein. Brown having died during the pendency of the action, his executors were substituted as defendants in his stead.

The facts are sufficiently set forth in the opinion.

*W. F. Cogswell* for appellants. The contract sued upon was illegal and void as against public policy. (*Pingey* v.

*Washburne,* 1 Aikens [Vt.], 264 ; *Fuller* v. *Dame,* 18 Pick. 472 ; *Gray* v. *Hook,* 4 Comst. 449 ; Story on Contracts, 576.)

*Geo. B. Bradley* for respondent. The contract in suit was valid and not contrary to sound morality or against public policy. (*Doty* v. *Wilson,* 14 Johns. 378 ; *Sternbergh* v. *Provost,* 13 Barb. 365 ; *Nicholson* v. *Wilson,* 60 N. Y. 362.) The contract, in view of the circumstances, is fairly entitled to and should have that construction which will give to it a legitimate purpose and effectuate the intention of the parties to it. (*Parshall* v. *Eggert,* 54 N. Y. 18 ; *Findon* v. *Parker,* 11 M. & W. 684 ; *Pollock* v. *Gregory,* 9 Bosw. 116 ; *Nicholson* v. *Wilson,* 60 N. Y. 370 ; 35 Vern. 69 ; *Stanley* v. *Jones,* 7 Bing. 369 ; *S. C.,* 5 M. & P. 195.) The objection that plaintiff was a stranger and all objections of that character founded upon the old rule of champerty and maintenance, whether by statute or common law, have been removed by the Revised Statutes. (3 R. S. [2d ed.] 151, reviser's note, p. 828 ; *Sedgwick* v. *Stanton,* 14 N. Y. 289, 295, 299, 301 ; *Durgin* v. *Ireland,* id. 322, 328 ; *Voorhees* v. *Dorr,* 51 Barb. 580.) The doctrine of champerty and maintenance never denounced as illegal an agreement to aid by furnishing evidence or in any other legitimate manner the prosecution or defense of an action where the party making the agreement to do so had any interest, certain, contingent or supposed, in the question or subject involved, directly or remotely other than such as was derived from the agreement itself. (*Thallhimer* v. *Brinckerhoff,* 3 Cow. 623 ; *S. C.,* 20 Johns. 386 ; *Fendon* v. *Parker,* Mees. & Wels. 675, 682–3 ; *Williams* v. *Protheroe,* 3 Y. & J. 129 ; *S. C.,* 2 M. P. 779 ; 5 Bing. 309 ; *Gilliland* v. *Failing,* 5 Den. 312 ; *Vrooman* v. *Shepard,* 14 Barb. 449 ; *Campbell* v. *Jones,* 4 Wend. 310 ; Bac. Abr., Maintenance, " B ; " *Sales* v. *Tibbitts,* 5 R. I. 79.) It was sufficient to protect plaintiff's agreement that he was justified in the belief and believed he had an interest. (*Thallheimer* v. *Brinckerhoff,* 3 Cow. 647 ; *Findon* v. *Parker,* 11 M. & W. 775 ; *Dorwin* v. *Smith,* 35 Vt. 69, 74 ; *McCall* v. *Capehart,* 20 Ala. 521, 526.) It was no objection that he

was to share in the fruits of the litigation dependent upon the result. (5 Den. 312; 3 Cow. 625; 14 N. Y. 289; *Danforth* v. *Streeter*, 28 Vern. 495; *Thallheimer* v. *Brinckerhoff*, 3 Cow. 647–8; *Findon* v. *Parker*, 11 M. & W. 682; 28 Vern. 495; 35 id. 74.)

ANDREWS, J.  The agreement of January 26, 1874, between Joseph F. Hill, and the original defendants, recites the execution of a mortgage by Brown to Joseph Fellows, which John Heermans as trustee was seeking to foreclose and collect, and that one Hiram W. Bostwick, a receiver appointed by the Supreme Court, had theretofore as receiver satisfied and discharged the mortgage and delivered it together with the satisfaction-piece to Hill, upon payment of the amount due. This recital is followed by the agreement of the respective parties. Hill, on his part, agrees to furnish to Brown the papers and evidence necessary to defeat Heermans in the foreclosure action, and Brown and Thompson, on their part, in consideration that Hill shall furnish such papers and evidence, and that thereby such action shall be defeated and a recovery on the mortgage finally prevented, agree to pay Hill one-half of the amount of the mortgage. This action is brought by the assignee of Hill against Brown and Thompson upon this agreement. It is found that Hill performed the agreement on his part and furnished the papers and evidence to defeat Heermans in the foreclosure action, and that judgment was rendered therein in favor of the defendants.

It is insisted that the agreement upon which the action is brought is illegal and void as against public policy, for the reason that it tended to pervert justice, by holding out an inducement to Hill for the fabrication of false papers and the furnishing of false evidence in the action brought by Heermans. This is the only question in the case. It is essential to its proper determination to understand the circumstances under which the agreement was made.

The mortgage sought to be foreclosed by Heermans was executed by the defendant Brown to Joseph Fellows. Heermans

claimed title to the mortgage under a trust deed executed to him by Fellows in October, 1868. Thereafter an action was brought by Fellows against Heermans to set aside and annul the deed of trust. In that action Hiram W. Bostwick was appointed receiver of the property covered by the trust, with authority to collect the debts and mortgages transferred by the trust deed, and to acknowledge satisfaction of mortgages on receiving payment, and to pay over the proceeds of collections to Fellows. The receiver duly qualified and took possession of the property transferred by the trust deed, including the Brown mortgage. After this and on the 20th of February, 1870, and while the order appointing the receiver was in full force, Hill paid to the receiver (although without any authority from Brown, or any request by him) the full amount of the mortgage, and the receiver thereupon executed and acknowledged a satisfaction-piece of the mortgage and delivered it with the mortgage to Hill. The receiver, prior to March 1, 1871, paid over to Fellows the amount so paid by Hill, and took his receipt, and entered the fact of the payment by Hill, and the payment over to Fellows, in his report filed on that day. Heermans, after this payment, claiming title as trustee, and that the mortgage was unpaid, commenced the foreclosure action mentioned in the agreement, making Brown, the mortgagor, and Thompson who held a junior mortgage on the same premises covered by the Brown mortgage, defendants. On the 20th of April, 1873, Brown put in a verified answer in the action, alleging that the mortgage had been paid to Bostwick, the receiver, and that he had satisfied and discharged it. On the trial of the action in 1875, Hill furnished to Brown certified copies of the records in the action of *Fellows* v. *Heermans*, and of the order appointing Bostwick receiver, etc., and produced the mortgage and the satisfaction thereof by the receiver, and procured the attendance of the receiver as a witness to prove the fact of payment. Upon the records so furnished by Hill, the mortgage and satisfaction, and the proof of payment

by Bostwick, the issue of payment was found in favor of Brown and the action was defeated.

In considering the question of the validity of the contract, it is to be observed that no corrupt intention appears upon its face; and, construing it in view of the situation of the parties and of what was done under it, there is no ground for supposing that it was entered into for the purpose of perverting justice by the production of false testimony in support of the defense in the foreclosure action. The relation of Hill and Brown to the mortgage was peculiar. Hill having paid the mortgage voluntarily, without the authority or request of Brown, could not have maintained an action against the latter to recover the money paid, in the absence of a subsequent promise by Brown, or such an adoption by him of Hill's act as was equivalent to an original authority. But if the payment was in law a satisfaction of Brown's debt, there was a moral obligation on the part of Brown to reimburse Hill. If the payment by Hill did not operate as a legal satisfaction of the mortgage, then Brown was under neither a legal nor moral obligation to indemnify him. Whether the payment by Hill was a legal discharge of the mortgage depended first upon the legal authority of the receiver to receive payment, and next upon the authority of the rule declared in *Grymes* v. *Blofield* (Cro. Eliz. 541), that payment of a debt by a stranger is not a satisfaction. That case has been much criticized and materially limited by subsequent cases in England and elsewhere. (*Jones* v. *Broadhurst*, 9 M. & Scott, 173; *Simpson* v. *Eggington*, 10 Exch. 845; *Leavitt* v. *Morrow*, 6 Ohio, 71.) But it was followed in this State in *Clow* v. *Borst* (6 Johns. 36), and has not been authoritatively overruled; and we need not now determine whether it should any longer be regarded as authority. Assuming that the payment by Hill was not a discharge of the debt, and that the holder of the mortgage could, notwithstanding such payment, enforce it against the mortgagor, another question was presented, viz., whether the payment by Hill, and the delivery to him of the security concurrently with the payment,

did not operate as an assignment to him by the receiver of the mortgage. If the payment discharged the mortgage, another question arose, viz., whether Brown, by the plea of payment in the foreclosure action, which plea was interposed before the agreement now in question was made, had thereby adopted the act of Hill, so as to make him liable to Hill to the same extent as if he had originally authorized it. (*Belshaw* v. *Bush*, 11 C. B. 191; *Simpson* v. *Eggington, supra.*) It will be seen that the respective rights and obligations of Hill and Brown, growing out of the payment by Hill, and the subsequent transactions, were not free from doubt; and under the circumstances mentioned the agreement in question was made. The defense in the foreclosure action depended upon the legal force and effect of facts, the evidence of which in the main was documentary. As between Brown and Hill, it was equitable that, if Brown was able to avail himself of the act of Hill as a payment of the mortgage, he should indemnify Hill for his advances; and we perceive no objection to the recovery in this case, unless the rule is that every agreement made by a third person to furnish evidence in a litigation for a compensation contingent upon the event is illegal. I find no authority for so extensive a proposition. In *Stanley* v. *Jones* (7 Bing. 369), it was held that an agreement made by a third person to communicate to a person claiming to have been defrauded such information as should enable him to recover damages for the fraud, and to exert his influence to procure evidence to substantiate the claim, upon condition of receiving a portion of the sum recovered, was illegal. In that case the person making the agreement to communicate the information, was an entire stranger in interest to the proposed litigation, and professed to have knowledge of facts of importance to the party, but which he did not disclose. Lord DENMAN said that such an agreement was illegal, from its manifest tendency to pervert justice, and we fully assent to the decision in that case. An agreement by a stranger to furnish evidence to substantiate a claim or defense, for a compensation depending upon the success of his efforts, is dangerous

Statement of case.

in its tendency, as furnishing an inducement for perjury and the subornation of witnesses. But in this case Hill was not a stranger in interest to the subject of the litigation. His antecedent relation to the mortgage made it just that he should be indemnified, for the money advanced by him, in case his payment should be available to Brown in the foreclosure action. The mere fact that the agreement might furnish a temptation to Hill to prevaricate, or furnish false testimony does not, we think, stamp the agreement as illegal *per se*, and no illegal or improper intent on the part of any of the parties, is disclosed by the evidence.

We think that the judgment is right and that it should be affirmed.

All concur, except FOLGER, Ch. J., not voting, and RAPALLO, J., absent.

Judgment affirmed.