Daniels, J.
—This action was prosecuted by a judgment creditor whose execution against property had been returned unsatisfied to secure payment of the judgment out of real estate alleged to have been fraudulently conveyed by the judgment debtors. While the suit was pending a settlement took place with the defendant Howell, including one piece of the real estate in controversy. On that settlement he paid to the judgment creditors the sum of ¿600. It was not specially applied upon the debt itself. Neither was any other disposition directly made of the money. His action then proceeded against the other defendants, resulting in the recovery of an interlocutory judgment.
Certain directions were contained in it which were referred to a referee to be carried into effect; but by an order after-wards made the referee was further directed, first to proceed to take proof as to whether my payment had been made upon the plaintiff’s judgment and to ascertain the amount due to the plaintiff upon his judgment. And on the hearing which took place before him it was proven that this sum of $600 had been received, but he reported against its application on the judgment. The court con *542 sidering that decision to be unsupported, overruled it and required the $600 to be. deducted from the plaintiff’s judgment.
It was not necessary that the' payment should have been avowedly made upon the judgment to justify this disposition of it, for it was made in the action brought to recover the debt out of the property of the judgment-debtors. And this money was realized from one of their grantees, and in effect from their property, for it would not have been paid by Howell otherwise, than to protect the property they had conveyed to him, against a sale under the judgment. It was so much money collected and received in the action brought to enforce the judgment against the property the debtors had previously owned; and being obtained in that manner the law could not regard it otherwise then as a payment of so much money on the judgment.
It was not requisite that the judgment-creditors should receive the money directly from the debtors to entitle them to insist upon it as a payment. As long as it was received from then grantee, and for the purpose of quieting his title to the property they had conveyed to him, that was sufficient. It was the object of the action to obtain payment of the judgment and whatever sum was realized by means of the action, was so much to be applied upon and deducted from the judgment.
To maintain such an action a judgment is indispensably necessary, and one that has not been satisfied, and it can only be maintained against the grantees of the judgment debtors for the recovery of whatever may remain unsatis-" tied and undischarged, recovered by the judgment. This sum was so much realized by the creditors, which the debtor had the right to insist upon should be applied towards the payment of the judgment. Whether a payment by a stranger will operate as a discharge of the indebtedness upon which it may be made, is a point that has been left in doubt by the more recent consideration of that subject in this state. Wellington v. Kelly, 84 N. Y., 543, 541.
But even if it could not, the principle is inapplicable to this case, for this payment was not made by a stranger, but by, a person against • whom it was insisted that the judgment should be enforced, so far as he had received the property referred to in the action, from the debtors. Whatever might be received in that manner was not from a stranger, but from a party whom the creditor claimed had received property from the debtors which should be applied to the payment of the debt. The authorities referred to by the counsel for the appellant do not sustain *543 the right of the plaintiff to receive this money and still, withhold it from partial payment of the judgment.
It has been insisted also that the order should not have directed any deduction from the allowance included in the judgment, or charge the plaintiff with the fees of the referee upon the reference, and that commission of the receiver should also have been deducted from the amount. But the original judgment was recovered in February, 1885, while the judgment in this action was not recovered until December in the same year. The settlement through which the $600 was obtained preceded the recovery of the judgment in this action. At that time the only obligation which the plaintiff was entitled to enforce was the original judgment recovered against the debtors themselves, and this sum of money was applicable alone to that judgment. Its effect was to reduce it by the sum of $600, and as the allowance depended upon the amount of the judgment in this action which was afterwards directed, and would have been diminished if the payment had been properly applied, it was entirely right to make the deduction directed by the court:
The evidence and proceedings upon the reference disclose the fact that the testimony given upon the hearing related to the dispute concerning the application of this $600. The other duties of the referee are of a quiet, formal character, requiring certainly but little time or attention, and if a discrimination should have been made as to the amount of fees applicable to each of the inquiries, the application for that purpose should have been brought to the attention of the court at special term. The receiver in the action was appointed after the payment was made and after the debtors’ right had matured to have it deducted from the judgment. He was entitled to no commission upon this sum of money. It was not received by him, and could not have been, as his appointment was not made until after the money had been paid. The proper disposition of this payment seems to have been made by the special term. The plaintiff had no right to withhold it, and deny its application upon the judgment. If there were costs attending the litigation that were not recovered in the ultimate disposition of the action that circumstance did not confer upon the plaintiff any right to divert this money from the object to which the law and justice of the case applied it, and that was the payment of so much of the judgment upon which the action depended. The order should be affirmed, together with the usual costs and disbursements,
Bartlett, J., concurs.