[No. 11466. In Bank. — October 23, 1888.]

HENRY C. GIESKE, RESPONDENT, v. WILLIAM N. ANDERSON, APPELLANT.

PARTIES — ASSOCIATION — ONE SUING FOR MANY — TRUST. — An action is maintainable by the duly elected treasurer of a voluntary association, who sues on behalf of himself and the other members of the association, except the defendant, the former treasurer of the association, to compel him to pay over trust funds belonging to the association, which should be in the custody of its treasurer, and which the defendant has refused to pay over on demand.

APPEAL — DAMAGES FOR DELAY. — When an appeal is evidently taken for delay, the judgment will be affirmed with damages.

APPEAL from a judgment of the Superior Court of Marin County.

The facts are stated in the opinion.

F. M. Angellotti, for Appellant.

Henry McCrea, for Respondent.

FOOTE, C.—This action was instituted under section 382 of the Code of Civil Procedure. The complaint alleges, among other things, that the plaintiff was, on the twenty-seventh day of October, 1885, duly elected treasurer of the San Rafael Fire Department, an association composed of forty or more persons, formed and existing for the purpose of protecting the property of the citizens of the town of San Rafael against fire; that the defendant, as a former treasurer of that association, had certain moneys placed in his hands in trust, and with the understanding that he would pay over the same upon the demand or order of that association, or to any treasurer thereof who might be elected or appointed by said association as his successor; that the defendant, ever since the twenty-second day of December, 1885, has been, and still is, in possession of the trust funds; that on the twenty-ninth day of October, 1885, by order of said association, a written order to pay over the money then in his possession was drawn on the defendant by the president of the association, etc., and that the plaintiff, as treasurer thereof, presented that order to the defendant, and demanded that he pay over the money to the plaintiff as treasurer of the association; that the defendant refused, and still refuses, to comply with that demand.

A general demurrer was interposed to the effect that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the defendant declining to answer, judgment as prayed for was given in favor of the plaintiff.

The facts stated in the complaint show that the question involved in the controversy was one of *general interest to many persons*, that is, all the members of the association as against their former treasurer, who, it is alleged, holds trust funds belonging to the association which he agreed to pay over to his successor, and refuses to do so. All the parties to the controversy are before the court, the association by its treasurer appearing for all its members, except the alleged defaulting ex-treasurer. We do not see how his rights as a *member* of the association can be affected by being compelled to pay over to his successor trust funds which belong to the association, which should be in the custody of its treasurer, and which the defendant agreed to pay over when demand was made, and now repudiates his promise.

The demurrer was properly overruled, and we advise that the judgment be affirmed, and the defendant be made to pay ten per cent damages in addition to the costs of this appeal, which was evidently taken merely for delay.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed, and the defendant is hereby ordered to pay ten per cent damages in addition to the costs of this appeal.

WORKS, J., concurring.—I concur in the judgment on the ground that the plaintiff named shows his individual right to recover for the benefit of the association, but do not wish to be understood as agreeing to the proposition that this case is within section 382 of the Code of Civil Procedure, authorizing one person to sue for the benefit of himself and others. The facts alleged attempting to show such right should be treated as surplusage.