[S. F. No. 2098.   Department Two.—June 20, 1902.]

## J. G. FLORENCE et al., Appellants, v. JOHN E. A. HELMS et al., Respondents.

CONVERSION OF PERSONAL PROPERTY—ACTION ON BEHALF OF ASSOCIATION —PARTIES.—A complaint for the unlawful conversion of personal property, alleging that the plaintiffs are members of an association having a membership of about two hundred persons, and that the action is prosecuted on behalf of the association and all the members thereof, shows that the plaintiffs are proper parties to prosecute the action.

ID.—PLEADING—GENERAL DEMURRER—SUFFICIENCY OF PARTIES—CON-VERSION BY OFFICERS—WITHDRAWAL FROM MEMBERSHIP.—A general

demurrer admits the sufficiency of the parties, and does not raise the question whether the officers of the association on behalf of which the suit is brought, who are made defendants, and are charged with the unlawful conversion of its property, and with the transfer thereof without consideration to another association made defendant, are sufficiently alleged to have withdrawn from the association, and to have ceased to be members and officers thereof.

ID.—RIGHT OF CUSTODY NOT INVOLVED—DAMAGES FOR CONVERSION.—The action not being for the recovery of specific personal property, but to recover damages for an unlawful conversion of the property of the association by its officers, their right to the custody of its property is not involved; and the amount of the damages is properly charged to be the value of the property converted.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

Welles Whitmore, for Appellants.

Albert M. Armstrong, for Respondents.

HENSHAW, J.—Plaintiffs sought to recover from defendants the sum of $4,750, value of certain personal property which the complaint charges the defendants with having converted to their own use. Defendants interposed a general demurrer to the complaint. The demurrer was sustained by the court, without leave to amend. From the judgment following this demurrer plaintiffs appeal. The essential allegations of the complaint are, that the Retail Grocers' Protective Union of San Francisco is an association with a membership of about two hundred; that the plaintiffs are members of the association, and the membership being large plaintiffs prosecute the action on behalf of the association and all the members thereof. The plaintiffs are thus shown to be proper parties to prosecute the action (Code Civ. Proc., sec. 382), and, indeed, the sufficiency of the parties is admitted upon the demurrer (Code Civ. Proc., secs. 430, 434). The action is in conversion. It charges that certain named defendants were all of the officers of the association, and as such officers were in possession of the property of the association, subject always to the orders and directions of the association; that while so in possession of the property they wrongfully and un-

lawfully appropriated it to their own use. The Retail Grocers' Association of San Francisco is made a party defendant by proper averment, and it is charged that the defendant officers transferred and delivered the property to the Retail Grocers' Association; that the Retail Grocers' Association, knowing the facts, wrongfully took and accepted the property and paid no consideration therefor. Since this conversion the defendant officers have withdrawn from the Retail Grocers' Protective Union, and ceased to be members and officers thereof. It is further charged that the Retail Grocers' Protective Union (represented by these plaintiffs) demanded from the defendants, and each of them, the return of the property, and that they have failed and refuse to return it. Judgment is sought, as has been said, for the value of the property so wrongfully converted, for damages and interest.

From the opinion of the court, which sustained defendants' demurrer, and which opinion is embodied in their brief, it appears that the court viewed the action as one for the recovery of specific property, and held that the allegation that the officers of the association had withdrawn from it, and ceased to be members and officers of it, "amounted to a mere conclusion of law, not sufficient to raise any issue of fact." It therefore held that "as it nowhere sufficiently appears that said defendants are no longer directors or trustees, or that others have been elected and qualified in their places, it must be presumed that said defendants are still directors or trustees. In such event said defendants would be entitled to the custody of the property of said association." The conclusion drawn was, that the association could not maintain an action to recover from its officers or trustees property which was in their rightful possession.

But the demurrer in this case is general, and if it be conceded that the allegation that the defendants have withdrawn from the association, and ceased to be members and officers thereof, could have been more aptly worded, nevertheless it is a sufficient allegation against general demurrer. But more important than this is the fact that the complaint does not seek on behalf of the association to recover property of the association rightfully in the possession of the trustees, or to recover any specific property at all. It seeks damages because the trustees have unlawfully and without consideration dis-

posed of the personal property of the association, and the amount of the damages is properly charged to be the value of the property so converted.

The judgment appealed from is therefore reversed, with directions to the trial court to overrule defendants' demurrer.

McFarland, J., and Temple, J., concurred.