[Civ. No. 1857.   Second Appellate District.—June 6, 1917.]

WARMAN STEEL CASTING COMPANY (a Corporation), Respondent, v. REDONDO BEACH CHAMBER OF COMMERCE, Appellant.

CONTRACT—CONSTRUCTION OF FACTORY—AGREEMENT BETWEEN CHAMBER OF COMMERCE AND CORPORATION—PAYMENT OF BONUS—EXTENT OF LIABILITY.—An agreement between a voluntary organization of residents of a city and a corporation desirous of locating a factory therein, that the corporation would erect the factory and that the organization would upon proof that the corporation had spent certain sums in wages to employees, pay the corporation a bonus, to be raised by contributions, and that before execution of the agreement each would show the other that the necessary cash had been provided in fact, is not to be construed as an agreement by the organization or its members to pay the bonus at all events, but as an agreement to pay from a certain particular fund, and where the corporation waived the right to have the fund secured in advance, and was paid the full amount collected, it cannot hold the members primarily liable for the unpaid bonus.

ID.—VOLUNTARY ASSOCIATION—PLEADING—PARTIES.—A voluntary association of residents of a city organized for the purpose of promoting public welfare, and from which the members derived no specific individual profit or profit different from that which would accrue to the municipal community, is not engaged in any business, within the meaning of section 388 of the Code of Civil Procedure, providing that persons associated in "business" and transacting it under a common name may be sued by such name, and that judgment may be taken against members served, though not named as parties.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Leslie R. Hewitt, Judge.

The facts are stated in the opinion of the court.

M. A. Albee, and Frank L. Perry, for Appellant.

W. H. Fuller, for Respondent.

JAMES, J.—The appeal in this case is taken by the defendant named in the title and by J. H. Cavanah and W. J. Hess from an adverse judgment, and from an order denying to appellants a new trial.

The Redondo Beach Chamber of Commerce was a voluntary organization of residents of the city of Redondo Beach. A set of by-laws, which constituted the only written evidence as to the purposes of the association and the obligation of its members, contained preliminarily this declaration: "The object of this organization shall be to secure attractions and public entertainments; to foster and encourage commerce; stimulate home trade; secure manufactures; improve and beautify streets and parks; attract tourists; induce immigration and to obtain the organized efforts of our citizens for the better promotion of the best interests of Redondo Beach." The plaintiff corporation was desirous of securing a site for a factory and the Chamber of Commerce of Redondo Beach was desirous of securing the factory to be located in its city. After a number of conferences, a written proposal was prepared by the Chamber of Commerce, which proposal was accepted in writing by the plaintiff. One of the offers contained in this proposal as made on behalf of the chamber was to pay a cash bonus to the plaintiff upon certain conditions being fulfilled. In this writing it was stated: "As you are aware, we represent the entire citizen body of Redondo Beach, and the fund we propose to raise must come from workers themselves, as our crop of capitalists is very small indeed." The agreement for the payment of the bonus was expressed by the following term: "The Chamber of Commerce agrees to give the Warman Steel Co. the sum of two thousand dollars in cash, payable as follows upon the completion of the plant and the operation thereof; $1000 to be paid by the trustee holding the fund of the Chamber of Commerce, upon the Warman Steel Co. furnishing proof that they have expended in wages to employees (exclusive of construction cost, salaries of officials and like expenses) the sum of $20,000, and an additional $1000 when they have paid out in like manner a second amount of $20,000. Both the Re-

dondo Beach Chamber of Commerce and the Warman Steel
Co. agree that before the execution of any agreement as here-
inbefore proposed, they will show to the satisfaction of each
other that the cash necessary to the erection and beginning of
operation of the steel plant upon one side, and the payment
of bonus and supplying of land upon the other have been pro-
vided in fact, and are in the hands of a reliable trustee or
trustees, or in bank for the use and purposes contemplated in
this agreement.'' This latter provision as to the fund, which
would make up the amount of the bonus payment, being se-
cured and deposited with a trustee in advance, was not com-
plied with nor insisted upon by the plaintiff. Plaintiff
corporation established its plant at Redondo Beach and after
operating for some time made a demand upon the Chamber
of Commerce that it be paid the bonus agreed upon. At the
same time it made a showing by a statement of its secretary
giving evidence that it had expended the required amount as
wages to employees. The bonus fund had not at that time
been collected, but one of the officers of the defendant asso-
ciation succeeded in collecting $1,297.25, which was turned
over to the plaintiff, leaving, as alleged by the plaintiff, a bal-
ance due it in the sum of $772.44, that being the amount sued
for and for which judgment was entered.

Appellants urge a number of points as sustaining their con-
tention that the judgment should be reversed. It is cogently
argued, and we see no escape from the conclusion proposed by
the appellants, that the agreement as made was not an agree-
ment binding the association defendant or its members to pay
at all events the bonus of two thousand dollars upon compli-
ance by the plaintiff with the conditions expressed in the writ-
ing, but that the agreement was an agreement to pay from a
certain particular fund which was to be provided by solicita-
tion and derived from contributions. The agreement in the
parts we have referred to not only expressly stated the source
from which the fund was to be derived, but also gave to the
plaintiff the right to insist that the fund be collected and
placed in the hands of a trustee before the plaintiff proceeded
to erect and operate its plant. Where the plaintiff elected to
waive its right to have such fund secured in advance, we think
its right of action must be limited to recovery of any amount
held by the defendant association or any trustee, for the pur-
poses of the fund intended to be provided. Here the showing

was that the plaintiff had received the full amount of money that had been collected. It appears to us that it would be utterly inconsistent with the recitals of the written agreement to hold that it was intended that the individual members of the association should have primary liability as to any unpaid part of the bonus. (Mechem on Agency, 2d ed., sec. 189.) Under the conclusion expressed the plaintiff was not entitled to the judgment awarded to it.

It will be noted that the plaintiff did not join as parties any of the individual members of the association. The two persons against whom judgment was entered were served with summons, notwithstanding that they were not joined as defendants in the action. The appellants insist that the association was not such an association as could be sued under its collective name, and that no judgment could be rendered against individual members served but not joined as defendants. The theory under which the plaintiff proceeded was that the association was such an association as is mentioned in section 388 of the Code of Civil Procedure, in which case the associates may be sued by the common name and summons may be served upon the individual members and judgment taken against them as though they had been particularly named as parties. The argument of appellants that the association was not such an association as is described in section 388 of the Code of Civil Procedure, because it was not engaged in "any business," commends itself to us with much force. There seems to be a dearth of California decisions to that point, although *Swift* v. *San Francisco Stock & Exchange Board,* 67 Cal. 567, [8 Pac. 94], is cited. Appellants also cite *St. Paul Typothetae* v. *St. Paul Bookbinders' Union,* 94 Minn. 351, [3 Ann. Cas. 695, 102 N. W. 725]. In the latter decision, under a statute almost identical with ours, the supreme court of Minnesota said: "The statute, it is clear, was not intended to include associations of this character. Its purpose was to authorize the courts to take jurisdiction over unincorporated associations engaged under a common name in some sort of business in which property is bought and sold, debts contracted—concerns owning and holding property, and incurring pecuniary liability—and not associations of the character of labor unions, having no property, engaged in no business occupation, in a proper sense of the term, and whose only function is the promotion of the interests and welfare

of the persons who are members thereof.''    The association in this case was not one from which the members derived any specific individual profit or profit different from that which would accrue to the municipal community.   Its purpose was to promote the common welfare, and it had no ''business'' in the sense of being engaged in a private commercial enterprise. To deny the application of section 388 of the Code of Civil Procedure, is not to say an aggrieved party may not enforce by suit a demand against such a noncommercial association. Such a party may have the right to sue the individuals composing the organization.   The individuals then are entitled to be made actual parties to the suit and to have service of summons.   The first proposition discussed is determinative of the appeal, but we think also that appellants' position is well taken upon the contention last adverted to.

The judgment and order are reversed.

Conrey, P. J., and Works, J., *pro tem.*, concurred.