[L. A. No. 4165. Department Two.—March 21, 1918.]

## HENRY W. O'MELVENEY et al., Appellants, v. GRIFFITH J. GRIFFITH et al., Respondents.

MUNICIPAL CORPORATIONS—LOS ANGELES CHARTER—GIFT BY INDIVIDUAL OF BUILDINGS FOR PARK—VOID ORDINANCE—INTERFERENCE WITH POWERS OF PARK COMMISSIONERS.—An ordinance of the city council of Los Angeles accepting the proposal of a private person to erect at his own expense as a gift to the city a "Greek Theater" and a "hall of science and observatory" in one of the city parks is void, being in violation of the charter which vests the management and control of the park system in the board of park commissioners, where the condition of the gift, imposed by the donor, and the ordinances accepting the gift and attempting to comply with the conditions, provided that the plans for the structures were to be furnished by the donor "subject to the approval of the mayor" or a committee, that the structures were to be erected under the supervision, not .of the park commissioners, but of "three citizens appointed by the mayor" thereto authorized by ordinance, and that after the erection of the structures they were to be managed and controlled, not by the park commissioners, but by the said appointees of the mayor.

ID.—SPECIAL PROVISIONS OF CHARTER CONSTRUED.—The ordinance accepting the gift and providing for the appointment of a committee in accordance with the conditions of the gift was not justified by a provision in the charter empowering the city "to receive gifts . . . in fee simple or in trust for charitable or other purposes; and to do all things and acts necessary to carry out the purposes of such . . . donations with power to manage . . . the same in accordance with the terms of the . . . donations"; nor was the ordinance authorized by a provision in the charter that vests all the legislative power of the city "except as hereinafter otherwise provided" in the council and mayor, since one of the express reservations thereafter "otherwise provided" in the charter is that the board of park commissioners has power to accept gifts for the

CLXXVIII Cal.—1

park for and on behalf of the city, to erect buildings thereon, to manage and control their erection and their maintenance thereafter.

ID.—INJUNCTION—PARTIES—CITIZENS AND TAXPAYERS—CAPACITY TO SUE. The plaintiffs, alleged to be citizens and taxpayers, had legal capacity to sue the committee appointed by the mayor from carrying out the provisions of the ordinance and interfering with the park commissioners, since the ordinance required the furnishing of property of the city, to wit, free light, power, water, rock and gravel in the erection of the buildings.

ID.—PARK COMMISSIONERS.—The plaintiffs were proper parties to sue for the further reason that they are alleged to be members of the board of park commissioners, and as such commissioners, charged with the erection of public buildings in the parks, they are specially interested in the question.

ID.—INJUNCTION PROPER REMEDY.—Injunction in such case was the proper remedy.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis M. Myers, Judge.

The facts are stated in the opinion of the court.

O'Melveney, Stevens & Milliken, for Appellants.

Albert Lee Stephens, City Attorney, and Charles S. Burnell, Assistant City Attorney, for Respondents.

WILBUR, J.—This is an appeal from a judgment in favor of defendants on demurrer. Plaintiffs sue as citizens and taxpayers and also as members of the board of park commissioners of the city of Los Angeles, to enjoin the defendants, claiming to act as officers of the city under certain ordinances, from carrying out the provisions of such ordinances and from interfering with the powers and duties of the park commissioners. The defendant Griffith J. Griffith has offered to erect, at his own expense, for the city of Los Angeles, to become the property of the city, two structures, one a "Greek theater," costing not less than fifty thousand dollars, in Vermont Canyon; the other a "hall of science and observatory," costing not less than one hundred and fifty thousand dollars, on Mt. Hollywood, both in a certain public park of the city of Los Angeles, known as "Griffith Park." The donor proposed that the plans for said buildings were to be furnished by him, subject to the approval of the city council and mayor, or a com-

mittee, and the structures were to be erected under the supervision of three citizens appointed for that purpose by the mayor of the city, thereto authorized by ordinance. The city was to furnish the light, power, and water necessary in the construction of said buildings from its supply of each. Rock and gravel in the park was also to be used in the construction of said buildings and the necessary trails and roadways constructed to make the same accessible. After the erection of said structures they were to be managed and controlled by the said appointees of the mayor. No point is made in the case as to the desirability of the acceptance of the gift, nor to the public character of the improvements proposed; nor is there any contention that the conditions attached to the gift are unreasonable, or in any way improper, save only in so far as they may interfere with the prerogatives of the plaintiffs as park commissioners. The city council passed an ordinance accepting the donor's gift, and in compliance with the conditions thereof established a board of three commissioners to erect and manage such structures. The respondents were appointed by the mayor as such commission, and appellants seek to enjoin them from carrying out the proposed plan, on the ground that the ordinance in question is in conflict with the charter powers of the appellants. The powers of the board of park commissioners and of the city council are derived from the charter of the city of Los Angeles and the several amendments thereto. The powers and duties of the park commission are, in part, defined as follows:

"(c) To purchase and lease property for park purposes, or for the use and benefit of the park department, and to have general supervision, control, care and custody of all real and personal property owned by the city of Los Angeles and used in and about the parks or park system of said city, and generally to do any and all things that may be necessary to carry out the spirit and intent of this charter in establishing, maintaining, operating, improving and enlarging the public parks and park system of the city of Los Angeles; and

"(d) Subject to such ordinances as may from time to time be adopted by the council, to have and exercise charge, superintendence and control of the design, location, construction, maintenance and use of all buildings, pavilions and other structures, and all fountains, statues, sculptures, monuments,

arches or other structures in such parks, pertaining to park purposes, and intended for the convenience of the public, or for the ornamentation of such parks.'' (Sec. 118, subds. c and d.)

''The board of park commissioners may, for and on behalf of the city of Los Angeles, receive donations, legacies or bequests for the improvement or maintenance of said parks or park system, or for the acquisition of new parks, and all moneys that may be derived from such donations, legacies or bequests, shall, unless otherwise provided by the terms of such donation, legacy or bequest, be deposited in the treasury of the city of Los Angeles, to the credit of the park fund. . . . As to all such property the board of park commissioners shall be deemed and considered to be a special trustee thereof for the city of Los Angeles.'' (Stats. 1911, sec. 119, p. 2051 et seq.)

It will be observed, therefore, that the management and control of the park system of the city, and of all real and personal property devoted to that use, as well as the erection and maintenance of all buildings thereon, is very fully vested in the board of park commissioners. It is provided, with reference to the erection and control of buildings, that the same shall be ''subject to such ordinances as may from time to time be adopted by the council.'' (Sec. 118, subd. d, *supra.*) But here we do not have a case where the council sought by ordinance to direct the board of park commissioners as to the manner in which they should act in the location, maintenance, or use of buildings in a public park, but an ordinance by which it is sought to take from the board of park commissioners control over such improvements during erection and after they have been completed, and by which it is sought to make a contract with a private individual for the creation of public officers to have control thereover in accordance with his proposal for the erection and maintenance of the building. We have an acceptance by the city council for and on behalf of the city of a gift, the consideration for which moving from the city is a surrender by the city council of some of the powers of the board of park commissioners vested in them, not by the city council, a creature of the charter, but by the charter itself. That is to say, one of the boards created by the people seeks to take from another board, also created by the people through its charter, a power expressly vested by

the people in the latter board.    To justify this result two pro-
visions of the charter are called to our attention: One, the pro-
vision that the city is given power to "receive bequests, gifts
and donations of all kinds of property, in fee simple, or in
trust, for public charitable or other purposes; and to do all
things and acts necessary to carry out the purposes of such be-
quests, gifts and donations, with power to manage, sell, lease,
or otherwise handle and dispose of the same, in accordance
with the terms of the bequest, gift or donation." (Charter,
sec. 2, subd. 16.)    The other that the charter vests all the legis-
lative power of the city, "except as hereinafter otherwise pro-
vided," in the council and mayor.    If we consider that the
acceptance of a gift in behalf of the city and a compliance
with the terms of such gift is a legislative function and
therefore vested in the city council, and that for that reason
and upon that basis the city council was empowered to accept
the gift and comply with the conditions thereof, we are met
with the express reservation of section 12 with reference to
legislative powers; namely, that where "hereinafter other-
wise provided" the city council have not such legislative
power.    Among the things "hereinafter otherwise provided"
is that the board of park commissioners has power to accept
gifts for the park for and on behalf of the city, to erect build-
ings thereon, to manage and control their erection and their
maintenance thereafter.    We are constrained to hold, there-
fore, that Mr. Griffith in his proposal to the city of Los
Angeles imposes as a condition of his gift requirements which
are violative of the fundamental law of the city and opposed
to the wishes of the people thereof as declared in the funda-
mental law of said city; that the ordinances attempting to
comply therewith are void as being in violation of the funda-
mental law of the city.

One of the points raised by the demurrer in the court be-
low was that the plaintiffs did not have the capacity to sue.
They allege that they are citizens and taxpayers.    The ordi-
nance in question required the furnishing for the erection of
the buildings by the city of free light, power, water, rock, and
gravel.    Inasmuch, therefore, as the property of the city was
to be used in the proposed buildings, and for the further
reason that the members of the board of park commissioners
charged with the erection of buildings in the public parks are
specially interested in the question, we hold that they had

the capacity to sue in this case, and that the remedy by injunction was proper. (*Wheeler* v. *Herbert*, 152 Cal. 224, [92 Pac. 353].)

The judgment and order sustaining the demurrer are reversed; defendants to have thirty days after notice of filing of *remittitur* in the lower court in which to answer.

Victor E. Shaw, J., *pro tem.*, and Melvin, J., concurred.