[Civ. No. 3962. Third Appellate District.—December 14, 1929]

J. V. MORRISON, Respondent, v. SYCAMORE CANYON GRAVEL COMPANY (a Corporation), Appellant.

L. A. Lewis and Thomas A. Wood for Appellant.

Thomas L. Clay for Respondent.

THOMPSON (R. L.), J.—This is an appeal from a judgment for damages for the breach of a contract of employment to haul gravel to be used for the purpose of highway construction.

On June 23, 1925, the respective parties executed a written contract of employment providing in part: "Whereas first party (Sycamore Canyon Gravel Co.) has secured the contract to furnish certain materials to Kuhn Bros. for work on the Whittier Boulevard . . . and is desirous of obtaining the assistance of second party (Morrison) in hauling the same . . . it is agreed that second party shall furnish the trucks . . . hauling continuously such materials as may be required by first party from the beginning of the work on said job until the completion thereof, and first party agrees to pay second party therefor the sum of $1.15 per five sack . . . batch, subject to the conditions hereinafter contained. . . . First party shall not be compelled to pay second party for such hauling charges until twenty-four hours after first party shall have received the money from said Kuhn Bros. for the hauling of the materials in such preceding month, and that payment by first party to second party is contingent upon the receipt thereof of the money for such materials so hauled. . . . "

Pursuant to this contract the plaintiff purchased and procured the necessary trucks and prepared to do the hauling. On June 30, 1925, the defendant sent plaintiff the following notice: "We regret very much to have to inform you that Kuhn Bros. cancelled their contract with us calling for the delivery of material on Whittier Blvd. We entered into our

contract with you in good faith and trust you may see it in that light. We would ask that the first time you are by Whittier Blvd. that you would stop and talk to Mr. Walker Kuhn, so that he may more fully explain the matter to you. It is simply a case over which we have no control. We are still selling them the material at our El Monte Bunkers, but Kuhn Bros. are buying enough additional trucks to do their own hauling. We wish to thank you for the trouble that you have been to in looking up this job, and trust that this will not inconvenience you to any great extent.''

Subsequently the plaintiff did interview Walker Kuhn as requested, who informed him they had decided to haul their own material, but would hire him at ninety cents per batch in lieu of the contract price therefor. This modification of the contract was refused by the plaintiff. The plaintiff regarded the contract as renounced by the defendant and filed this complaint for damages on July 24, 1925. The complaint contained two counts. The last one, however, was abandoned and is therefore not involved in this appeal.

Upon trial the court rendered judgment for plaintiff for the sum of $3,942.75 and adopted findings to the effect that the defendant, on June 30, 1925, repudiated and abandoned the contract; that the terms thereof were not subsequently modified; that the plaintiff was at all times ready, willing and able to perform its covenants and that he was damaged by its breach in the sum mentioned. The amount of the ascertained damages is not challenged.

In the appellant's brief a single ground of reversal is urged. It is asserted that the contract of employment is conditional upon the fulfillment of another agreement with defendant on the part of Kuhn Bros. authorizing the defendant to haul the materials for the highway construction and that this contract was subsequently canceled by Kuhn Bros., so far as hauling the material is concerned, thus releasing the defendant from its obligation to plaintiff. In support of this contention the defendant relies upon the case of *H. Hackfeld & Co.* v. *Castle,* 186 Cal. 53 [198 Pac. 1041].

There is no merit in this contention. The contract is definite and certain regarding the employment, the material to be hauled and the amount of compensation for service. The only condition mentioned relates to deferred

payments from month to month on account of a possible delay in receiving defendant's money from Kuhn Bros. A total failure to pay, on the part of Kuhn Bros. is not contemplated. In construing a contract the intent of the parties must be determined from the terms of the agreement. In considering the present agreement as a whole it seems quite evident the defendant himself fully expected to provide for the hauling of the material. There was no suggestion that anyone else might undertake to do so. But it was foreseen that Kuhn Bros. might delay their payments to the defendant for about a month. And so the contract reserved the privilege of delaying the payments to plaintiff, "24 hours after the first party shall have received the money from said Kuhn Bros. for the hauling of the materials *in such preceding month.*" This language may not be said to create a condition precedent which will authorize the termination of the contract.

There is ample evidence to support the findings that the defendant repudiated the contract. The question of deferred payments was not mentioned or involved in the cancellation of the contract of employment. This is not a suit for compensation of services. The clause authorizing the delay in the payments for hauling is therefore no defense. This is an action for damages for the breach of the contract. The method or conditions affecting the payments under the terms of the contract are immaterial in this action for damages. It is true that by agreement the payment for services may be made conditional upon receipt of a special fund or from a designated source. (6 Cal. Jur. 452, sec. 269; 6 R. C. L. 944, sec. 325; 13 C. J. 630, secs. 698–703; *Lynch* v. *Keystone Const. Min. Co.,* 163 Cal. 690 [126 Pac. 968].)

In the present case the provision relied upon is not a condition precedent, but is merely a proviso for deferred payments, and confers no option to cancel the contract for failure of the fund. ■ The absolute repudiation of a contract by one of the parties thereto precludes him from subsequently resorting to a condition delaying the time or designating the source from which he expects to procure the funds with which to meet his obligation, merely as an excuse for escaping his liability. Such condition will furnish no defense to a suit for damages for the breach of a con-

tract.  ██  A party to a contract may not take advantage of his own act or omission to escape liability. (Sec. 1511, Civ. Code; 13 C. J. 647, sec. 721; 6 Cal. Jur. 438, sec. 261; *Ross* v. *Tabor*, 53 Cal. App. 605, 612 [200 Pac. 971].) In 6 Ruling Case Law 946, section 326, it is said: "An absolute repudiation of his part of a contract by one of the parties thereto prior to the time fixed by the contract for performance . . . will entitle such other party to an action for damages as for a breach of the contract."

The foregoing rule is not modified by the case of *H. Hackfeld & Co.* v. *Castle, supra,* relied upon by appellant. In that case the plaintiff contracted to sell defendant an output of honey for a specified season, to be shipped from Honolulu by way of Tehuantepec to Hamburg, "or *at our* (buyer's) *option* via Panama Canal, in case the Tehuantepec route is discontinued." The last-mentioned route was discontinued. It was held that the contract was thereby terminated unless the buyer saw fit to exercise his option to permit the honey to be shipped by way of the Panama Canal. There was no breach of contract in that case.

In the present case if the contract had been conditioned upon Kuhn Bros. exercising an option to haul the material themselves and had subsequently decided to do so, that would have terminated the contract with the plaintiff. No such condition, however, existed. The Kuhn Bros. fulfilled their agreement to purchase the material from the defendant and it was subsequently hauled and delivered. The evidence indicates that the motive for repudiating the contract with the plaintiff for hauling the material was an expectation on the part of Kuhn Bros. or the defendant to procure the hauling for less than the contract price.

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.