[Civ. No. 9339.  Second Appellate District, Division One.—March 28, 1935.]

WILTON B. MARTIN, as Executor, etc., et al., Appellants, v. ETHELYN B. MARTIN, as Administratrix, etc., Respondent.

Pottle & Pottle for Appellants.

Edgar K. Brown and Leo B. George for Respondent.

EDMONDS, J., *pro tem.*—The sole question presented by this appeal is whether a contract sued upon provided for payment conditioned upon receiving the money from a specified source or was not so limited.

Hattie A. Martin died leaving three sons, one of whom as executor and trustee of her estate, appears here as a plaintiff. Another son died and this action is against his estate for money alleged to be due and payable to the estate of his mother under a contract made by him after her death. The complaint recited the execution and delivery of this contract, which is set out in full, and demanded judgment thereon. The defendant's demurrer to the complaint was sustained and the plaintiffs have appealed from the judg-

ment entered against them following the order sustaining the demurrer.

The contract was made between the plaintiffs in this action on the one hand and Elmer B. Martin on the other. It recites that the distributive share of Elmer B. Martin from the estate of his mother was $142,864.19, but that he had received advances from her during her lifetime of $159,-268.85, represented by his promissory notes in the hands of the executor of her estate. It further provides that $16,-404.66, the amount in excess of his distributive share of her estate, "is now due and owing from the said Elmer B. Martin to the said Wilton B. Martin as Executor of the last will and testament of said Hattie A. Martin, deceased, for the benefit of Wilton B. Martin, Marion Martin Zaring, *née* Dixon, George W. Dixon, Jr., and Walter I. Martin in the proportions and amounts hereinafter set forth". The parties then agree that the amount owing by Elmer B. Martin shall be reduced to $14,888.02 and further provide: "That the said Elmer B. Martin does hereby agree to pay said sum of $14,888.02 without interest thereon out of his share of the income, rents, profits, avails and proceeds of the real estate of which said decedent died seized, and it is agreed that said sum is and shall be a charge and lien upon the entire interest of said Elmer B. Martin in the real estate of which said decedent died seized and which is described as follows, . . . That Wilton B. Martin, as Trustee under the last will and testament of Hattie A. Martin, deceased, is hereby duly authorized and directed by the said Elmer B. Martin to apply all of the net income derived from said real estate to which the said Elmer B. Martin may from time to time be entitled, to the discharge, payment and reduction of said sum of $14,888.02, and in the event of the sale of any or all of said real estate hereinbefore described, to apply the net proceeds derived therefrom to which the said Elmer B. Martin may or might be entitled to, to the reduction of said principal amount of $14,888.02, and the charge upon the lands and premises hereinbefore described created by this instrument, for the payment of said sum of $14,888.02, shall continue until said sum has been paid in full without interest thereon, when this instrument shall be released and discharged."

■ We think that the contract provides in words so plain as to leave no room for construction that payment was to be made only from the specified fund, that is, "out of the income, rents, profits, avails and proceeds of the real estate of which said decedent died seized". The trustee by the contract is "authorized and directed by the said Elmer B. Martin to apply all of the net income derived from said real estate to which the said Elmer B. Martin may from time to time be entitled, to the discharge, payment and reduction of said sum." Nowhere in the contract did Mr. Martin agree to pay the amount absolutely and in all events.

■ A party to a contract may absolutely limit his liability to pay a certain sum to funds to accrue to him from a certain source (*Lynch* v. *Keystone Min. Co.*, 163 Cal. 690 [126 Pac. 968]; *Warman Steel Casting Co.* v. *Redondo Beach Chamber of Commerce*, 34 Cal. App. 37 [166 Pac. 856]; *Morrison* v. *Sycamore etc. Gravel Co.*, 102 Cal. App. 536 [283 Pac. 84]; 6 Cal. Jur. 452), and under such circumstances a recovery cannot be had without pleading and proof that funds became available to the debtor from the source which he specified. (*Hayes* v. *O'Marr*, 81 Cal. App. 210 [253 Pac. 749].)

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.