[S. F. No. 18752. In Bank. Mar. 17, 1953.]

WILLIAM M. MALONE et al., Petitioners, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

William J. Dowling, Jr., for Petitioners.

Delany, Werchick, Fishgold & Minudri, Manuel J. Furtado and Franklyn K. Brann for Respondents and Real Party in Interest.

CARTER, J.—In this proceeding in certiorari it appears that on November 5, 1951, applicant Elmer Delany filed in the superior court an ''Application for Order Directing Testimonies and for Order Directing Subpoenae Duces Tecum'' under sections 2083-2089 of the Code of Civil Procedure. No action is pending concerning the matters for which the

testimony is sought; he seeks to perpetuate the testimony for a contemplated action.

In his application, he made no statement as to his interest or position, but that sufficiently appears later. (He is a duly elected Member of the Democratic County Central Committee in San Francisco; see *Stout* v. *Democratic County Central Committee, ante*, p. 91 [251 P.2d 321].) He alleged therein that he expects to be a party plaintiff in an action or actions to be brought, the adverse parties to which will be Malone, the Chairman of the Democratic County Central Committee, and Nolan, an appointed member of the committee (apparently one of those additional members declared to be illegally appointed in *Stout* v. *Democratic County Central Committee, supra, ante*, p. 91); that the contemplated action or actions will involve the following issues:

"a. The illegal appointment and/or appointments of persons to the Democratic County Central Committee of the City and County of San Francisco.

"b. The illegality of certain appointive positions on said Democratic County Central Committee, and of the acts of said Democratic County Central Committee, in which said illegally appointed persons participated.

"c. The illegal conduct of the business, affairs and concerns of said Democratic County Central Committee.

"d. The illegal handling and expenditures of the funds of said Democratic County Central Committee.

"e. The calling and holding of illegal meetings of said Democratic County Central Committee.

"f. The calling and holding of putative meetings of said Democratic County Central Committee.

"g. The failure to call legal meetings of said Democratic County Central Committee . . .";

that the witnesses whose testimony is sought are Poheim the vice-chairman, Curley the secretary, Klein the treasurer and Byrne the financial secretary, of the committee; that Malone will testify that he is chairman, has illegally appointed various persons to the committee and allowed them to participate in its affairs and used them to block its business, has concealed committee funds and expenditures and called illegal meetings of the committee; that Poheim will testify he is vice-chairman and knows of illegal acts of Malone, was secretary, has the minutes and knows what occurred at illegal meetings; that Curley will testify that he is a secretary of the committee and has notified illegal members of meetings and failed to

notify legal members of the committee, and has minutes of meetings; that Klein and Byrne will testify that they are acting treasurer and financial secretary, respectively, and as such have control and possession of the committee's records which will show illegal expenditures which are concealed from the members; that Nolan will testify that he is an illegally appointed member of the committee.

After the application was filed, it was ordered granted and the proposed witnesses moved to vacate the order. A determination of that motion was delayed for some time, and in the interval, the applicant filed an affidavit by Brann stating that applicant was a duly elected member of the committee, the presence of illegally appointed persons at meetings, lack of notice of meetings, which was necessary for action in the nature of quo warranto or to enjoin the calling of meetings with such illegal members present; that the minutes of meetings are necessary to show the names of the additional members illegally appointed to the committee and how it was done, all material on such members' title to office and the "financial affairs" of the committee, which could be ascertained by a contemplated action for an accounting.

Thereafter the motion to vacate was denied. It is suggested that the Brann affidavit cannot be considered because it was not filed until after the order granting the application. It was, however, considered on the motion to vacate that order and we see no obstacle to considering it on the problem as a whole.

The proposed witnesses' main objection to the order granting the application is that the showing in the application and affidavit was insufficient to justify it.

One of the principal aims in a proposed action or actions for which it was sought to perpetuate testimony was the removal of the additional members appointed to the committee under section 2833 of the Elections Code on the ground that the provision therefor was unconstitutional. That issue is now settled by our decision in *Stout* v. *Democratic County Central Committee, supra, ante,* p. 91, that the portion of section 2833 authorizing the County Central Committee of San Francisco to appoint, in addition to the duly elected members of the committee, such additional members as it desired, was unconstitutional and that the additional appointees were not legal members of the committee. At least "a" and "g" of the claimed issues (quoted *supra*) in

a proposed action involve that question and there is no occasion to preserve testimony concerning it. Indeed, in applicant's petition for a hearing in this court he states that the only issue involved is whether the additional members are lawfully holding the office.

There are indications, however, that another issue involved is the alleged concealment and mishandling of the funds of the committee and the possibility of an action of accounting in connection therewith. Those things are charged as seen from the foregoing résumé of the application and the affidavit but the proposed witnesses assert that the showing is insufficient. Most of the discussion is devoted to the question of how much must be set forth in an application to examine witnesses to perpetuate their testimony for a future action or actions. ▉ The testimony of a witness may be taken and perpetuated. (Code Civ. Proc. § 2083.) The applicant who desires to take the testimony must present a verified petition to a judge of the superior court stating: "That the applicant expects to be a party to an action in a court in this state, and, in such case, the names of the persons whom he expects will be adverse parties; or,

"2. That the proof of some fact is necessary . . . any . . . matter which may hereafter become material to establish, though no suit may at the time be anticipated, or, if anticipated, he may not know the parties to such suit; and,

"3. The name of the witness to be examined, his place of residence, *and a general outline of the facts expected to be proved.*" (Code Civ. Proc., § 2084.) (Emphasis added.) The dispute involves the test as to the sufficiency of the general outline of the facts expected to be proved, whether it must show an actual or potential cause or right of action (see *Brown* v. *Superior Court,* 34 Cal.2d 559 [212 P.2d 878]), but as in the Brown case that need not be decided because we think applicant has shown enough to indicate he would be entitled to some relief.

▉ We think there is sufficient showing that applicant would be entitled to some relief, namely, an accounting, inasmuch as it is charged that there has been a concealment of the financial affairs of the committee and an illegal handling and expenditure of the committee's funds. Such could be the basis for an action in accounting. ▉ An officer of a nonprofit corporation or an unincorporated association may be sued by a member thereof for an accounting where it is claimed that assets of the organization are concealed and

illegally expended. (See *Gieske* v. *Anderson,* 77 Cal. 247 [19 P. 421] ; *Greenwood* v. *Building Trades Council,* 71 Cal. App. 159 [233 P. 823] ; *Hughes* v. *American Trust Co.,* 134 Cal.App. 485, 489 [25 P.2d 491] ; *Smetherham* v. *Laundry Workers' Union,* 44 Cal.App.2d 131 [111 P.2d 948] ; *Dingwall* v. *Amalgamated Assn. etc. Emp.,* 4 Cal.App. 565 [88 P. 597] ; *Florence* v. *Helms,* 136 Cal. 613 [69 P. 429] ; *cf. Providence Baptist Church* v. *Superior Court, ante,* p. 55 [251 P.2d 10].) ▉ Also a resident taxpayer under appropriate circumstances may maintain an action against an officer where there is an illegal expenditure, waste or injury to public funds. (See Code Civ. Proc., § 526a.)

▉ Moreover, an officer, such as a member of the committee, when especially interested in the question, may sue to protect the public's property. (*O'Melveney* v. *Griffith,* 178 Cal. 1 [171 P. 934].) Certainly a member of the committee has a special interest in the proper handling of the committee's funds. It thus is not important whether we treat the committee as analogous to an unincorporated association or as a public board the members of which are public officers. (As to the latter, see discussion in *Stout* v. *Democratic County Central Committee, supra, ante,* p. 91.) In either case an action such as for an accounting or similar relief would be available to the applicant.

The prospective witnesses contend, however, that courts will not interfere with the affairs of political parties or committees and hence applicant could have no cause of action. (18 Am.Jur., Elections, §§ 143, 144.) ▉ "Where, however, statutes conferring legal rights on members of a political party have been passed, the courts have the right to ascertain whether those rights have been violated and the decision of a party tribunal on such a question is of no binding effect. Moreover, if primary elections have been established by law, a candidate cannot be divested by a political organization or rights derived from such election, the question being no longer solely a political one, but one of law of which the courts must take cognizance. The same is true with respect to the rights of members of a party committee elected at a primary election conducted under public authority." (18 Am.Jur., *supra,* Elections, § 143.) ▉ Certainly where civil and property rights rather than politics and political dogma are involved, the courts will protect them. (See by analogy religious societies, *Providence Baptist*

*Church* v. *Superior Court, supra, ante,* p. 55; *Rosicrucian Fellowship* v. *Rosicrucian Fellowship Non-Sectarian Church,* 39 Cal.2d 121 [245 P.2d 481]; see, also, *Stout* v. *Democratic County Central Committee, supra, ante,* p. 91.) Here we have only an issue of property rights—the funds of the committee—which does not purport to settle any political disputes or affairs.

That portion of the order for depositions and subpoenae duces tecum which covers the issue of the legality of the appointment of the additional members determined in *Stout* v. *Democratic County Central Committee, supra, ante,* p. 91, together with all other issues raised, except those pertaining to the illegal expenditure and concealment of funds of the committee, are annulled. As to the illegal expenditure and concealment of funds, the order is affirmed. Each party to bear his own costs.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J. and Spence, J., concurred.