[Civ. No. 15468. First Dist., Div. One. Apr. 15, 1953.]

ATHENS LODGE NO. 70, Respondent, v. J. FINLEY WILSON et al., Appellants.

Robert C. Burnstein and Popper & Burnstein for Appellants.

Edward D. Mabson for Respondent.

BRAY, J.—In an action for injunctive relief against the defendants' acts of unfair competition, plaintiff was granted a judgment finding that defendants are engaging in unfair competition and unfair, misleading and untrue advertising, and restraining them from using plaintiff's name and from doing any fraternal business or affairs in such name. It also ordered defendants to return to plaintiff certain personal property. Defendants appeal on the judgment roll alone. No contention is made that the findings do not support the judgment.

SOLE QUESTION

Does section 3369, Civil Code, provide that an unincorporated fraternal association may sue in its name to enjoin unfair competition and unfair, untrue and misleading advertising by a rival fraternal group?

Plaintiff brought this proceeding pursuant to that section. Plaintiff is an unincorporated fraternal organization some

40 years old having a membership of 125 persons. Through-out this proceeding defendants have continually raised the question of plaintiff's legal capacity to sue. On this appeal they raise no other question.

## Is Plaintiff a Jural Entity?

Both parties agree that at common law and under general California law an unincorporated association is not a jural entity, and, therefore, may not sue in its name. (See *Case v. Kadota Fig Assn.*, 35 Cal.2d 596 [220 P.2d 912]; *Juneau etc. Corp.* v. *International Longshoremen & Whse. Union*, 37 Cal.2d 760 [235 P.2d 607]; and 39 Cal.L.Rev. 264.) None of these authorities discuss the section upon which this suit is based. Plaintiff contended and the trial court held that section 3369, Civil Code, provides that an action under that section may be brought by an unincorporated association in its name. That section provides, in part: "2. Any person performing or proposing to perform *an act of unfair competition* within this State may be enjoined in any court of competent jurisdiction. 3. As used in this section, unfair competition *shall mean and include* unfair or fraudulent business practice *and* unfair, untrue or *misleading advertising*. . . . 4. As used in this section, the term *person shall mean and include* natural persons, corporations, firms, partnerships, joint stock companies, *associations and other organizations of persons.* 5. *Actions* for injunction *under this section may be prosecuted* by the Attorney General or any district attorney in this State in the name of the people of the State of California upon their own complaint or upon the complaint of any board, officer, person, corporation or association *or by any person* acting for the interests of *itself, its members* or the general public."*

It will be noted that subdivision 4 expressly states that the term "person" includes in addition to natural persons, practically all known entities including "associations and other organizations. . . ." Defendants contend, first, that the definition of "persons" in subdivision 4 refers only to persons mentioned in subdivision 2 which subdivision refers only to persons who can be sued. No reason is given for the proposition that a definition appearing in a code section without limitation refers only to the subdivisions preceding it. Likewise, such contention ignores the fact that subdivision 5 refers to a "person acting for the interests of itself, its mem-

---

*Unless otherwise noted, all emphasis added.

bers. . . ." If, as defendants contend, "person" in subdivision 5 is not "person" as defined in subdivision 4, the language "acting for the interests of itself, its members . . ." has no meaning, for, of course, a natural person acts for himself and has no members.

Defendants' second contention is that section 3369 merely grants to an association a substantive right, namely, that of suing for injunctive relief, and gives it no procedural right to sue in its name. This, again, ignores the provision in subdivision 5 that a person (i.e., an association) may act for the interests of itself or its members.

The fact that section 382, Code of Civil Procedure (see *Florence* v. *Helms*, 136 Cal. 613 [69 P. 429]), would have permitted a member of plaintiff to bring this type of action in his representative capacity in nowise detracts from the conclusion that the language of section 3369 shows that the Legislature intended to make an exception to the general rule in cases brought under that section.

Sections 2466-2468, Civil Code, concerning fictitious names, do not apply, as plaintiff is not "transacting business in this state" in the sense there required. See *Warman Co.* v. *Redondo Beach C. of C.*, 34 Cal.App. 37 [166 P. 856], holding that the Redondo Beach Chamber of Commerce was not engaged in "any business" referred to in section 388, Code of Civil Procedure; *Security-First Nat. Bank* v. *Cooper*, 62 Cal. App.2d 653 [145 P.2d 722]; and *Herald* v. *Glendale Lodge No. 1289*, 46 Cal.App. 325 [189 P. 329], holding that the respective Elks lodges are not business concerns.

There is nothing in the rules concerning statutory construction cited by defendants which is out of harmony with our construction of section 3369. Thus the rule in *Whitney* v. *Dodge*, 105 Cal. 192 [38 P. 636], and *In re Marquez*, 3 Cal. 2d 625 [45 P.2d 342], and other cases cited by defendants, that all statutes must be construed with reference to well known principles and rules of law existing at the time of enactment; in *Chilson* v. *Jerome*, 102 Cal.App. 635 [283 P. 862], that a statute should be construed so as to harmonize and give effect to the whole system of the law of which it forms a part, and also that a statute having a special application controls a general one—all these rules support the conclusion that in section 3369 the Legislature was making an exception to the general rule, and, for the purpose of actions under that section, was creating the concept that an association was a person.

## Unfair Fraternal Competition

Defendants contend that section 3369 is limited to unfair business competition and does not include unfair competition against a fraternal organization. Subdivision 2 provides that any person performing "an act of unfair competition" may be enjoined. Subdivision 3 states that "unfair competition" shall "mean *and include* unfair or fraudulent business practice *and unfair, untrue or misleading advertising* and" acts denounced by certain sections of the Penal Code making certain types of false advertising misdemeanors. While defendants' construction is a possible one it is not a compelling one. In subdivision 3 there is no limitation of "unfair, untrue or misleading advertising" to business advertising. Moreover, the very language in that subdivision, "unfair competition" "shall mean *and include*" the situations thereafter set forth, shows that the definition is not restrictive or exclusive. Nor is the fact that, as we stated in *Most Worshipful etc. Lodge* v. *Sons etc. Lodge*, 94 Cal. App.2d 25 [210 P.2d 34], it is well established that a fraternal association may enjoin the use of their name by a rival organization (the question of bringing action in the name of such association was not considered) any indication that the Legislature intended section 3369 to be limited to business practices and organizations.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.