## DAWKINS v. GILL, use, &c.

1. A promise to pay a witness $150 for his attendance as a witness, which was to be reduced one half if the party promising did not succed in the cause, is against sound policy, and cannot be enforced.

Error to the County Court of Washington.

Assumpsit, by the defendant in error, on the following note:

$150. We do therefore acknowledge to pay, J. Gill, or bearer, the just sum of one hundred and fifty dollars, for his services in the case pending in the circuit court, betwixt Scott and W. Anderson, concerning Jonas Jones' property,

when decided in said court of Sumter county.   If said Scott loses the case, we only pay half the above amount.   8 October, 1842.                                    D. DAWKINS,
                                                 A. SCOTT.

The plaintiff below proved, that the note was given to induce him to attend and give evidence in the case referred to, he desiring to leave the State.   It was proved he was subpœnaed, and attended two terms, but did not attend when the cause was tried—that his deposition was taken by the opposite side, but from some informality was not read.

The court charged, that the plaintiff was entitled to recover in proportion to the time he did attend, in the absence of any presumption, or proof of collusion, to which the defendant excepted.   Several other charges were given and refused, which need not be stated.

PECK & CLARK, for the plaintiff in error, were stopped by the court.

LESSESNE, contra.

1.  The contract is not void as against public policy. [Chitty on Con. 217 ; 1 Bacon's Ab. Assumpsit, 275.]

2.  The contract certainly was good to the extent of $75, and if this is so, and the defendant below objected to any part of the compensation as invalid, the objection should have been made at the trial.  [Parish v. Stone, 14 Pick. 198 ; Loring v. Sumner, 23 Ib. 98 ; Story on Con. 99 ; Ib. 142.]

3.  The question on the evidence involved is, whether a man can lawfully contract to pay a witness who cannot be made to testify by subpœna, for remaining in the State to give his evidence—not whether a contract to pay a witness for loss of time is valid.   It may be of great importance that a party should have a witness, who cannot be obtained in any other way.   [Willes v. Peckham, 1 B. & B. 515 ; Severn v. Oliver, 3 Ib. 722 ; More v. Adam, 5 M. & S. 156.]

In England, physicians and attorneys only can be allowed extra compensation for loss of time—but even there the distinction has been disapproved of.  [Same v. same, 7 Bing. 729.]

4. The bill of exceptions does not state that the witness lived more than one hundred miles from the place of holding the court, but this is inferrable from his testimony having been taken by commission. Hence he was not bound to attend, and there is a consideration for the contract.

ORMOND, J.—We think it very clear, that no action can be maintained upon this contract. We shall not enter upon the inquiry, whether a fixed and certain compensation might not be made to a witness, who could not be required by subpœna to attend in person. Here the amount of the compensation, was to depend upon the success of the party to the suit, in whose favor the witness was to testify, and although there may have been no agreement, or expectation, that the witness should give false testimony, the inevitable tendency of the contract was, to give him a bias in favor of the party calling him as a witness, as the promised reward was to be reduced one half, if the party in whose favor he was to testify, was not successful in the suit. This created such an interest in the event of the suit, as would have prevented him from testifying if the contract was valid, and it follows necessarily, that a promise to compensate a witness for his attendance cannot be enforced, which, if known, would have excluded him from being a witness; as it would be a fraud upon the administration of justice. Such contracts are against sound policy, because their inevitable tendency would be, if not to invite to perjury, at least to sway the mind of the witness, by giving him the interest of a party to the cause, and thus contaminate the stream of justice at its source. It can admit neither of doubt or question, that both morality and sound policy forbid the toleration of such contracts as this.

In England, it appears that compensation for expense, and loss of time may be paid to a foreign witness, and under the statute, 5 Eliz. c. 9, taxed against the other party, as the statute requires the party on summoning the witness to tender to him his reasonable charges; but we apprehend it can admit of no doubt, that if this compensation was contingent, and depending upon the success of the party who called the witness, such a promise would be held invalid. In this State

no such statute exists. The compensation of witnesses is ascertained, and if the attendance of the witness cannot be procured from his non-residence, as well as for a variety of other reasons, his deposition may be taken.

It is also urged, that the promise is valid, so far as it promises to pay a certain sum, and that this is not vitiated by the illegal portion of the contract. The rule invoked has no application to such a case as this. The promise here is entire. It is to pay the plaintiff $150 for his services as a witness, upon the determination of the cause, which is to be reduced one half if the party does not succeed. It is impossible to separate this promise, as the consideration is illegal, and infects the entire contract. [Loomis v. Newhall, 15 Pick. 159; Roby v. West. 4 N. H. 285.]

Let the judgment be reversed and the cause remanded.