## HADDEN'S EXECUTORS *vs.* POWELL.

1. The declarations of a party in possession are admissible to explain the nature of his possession—as that he holds under a claim of his own, or under that of another—but they are not admissible to show that he had previously sold the property to a third person.

2. The lien and remedy by attachment given by the statute to landlords depend on the existence of the relation of landlord and tenant, and consequently cannot attach upon a crop which the occupant of the land has sold before, but which is not removed from the premises until after the creation of the tenancy.

Error to the Circuit Court of Sumter. Tried before the Hon. Sam'l Chapman.

THIS was a trial of the right of property in a crop of corn and cotton, levied on under an attachment for rent sued out by Elizabeth Hadden, the testatrix of the plaintiffs in error, against one Samuel Lewis, and claimed by Powell, the defendant in error. The facts appear in the opinion.

R. H. SMITH, for the plaintiffs:

1. The facts clearly show that neither party considered any thing else necessary to a perfection of the contract. They had mutual confidence that each would on a convenient occasion

deliver up the papers; hence the delivery of the papers was not necessary to a rescision.—Pettus v. Roberts, 6 Ala. 811-14. This case is different from that of Lightfoot et al. v. Strahan, 7 Ala. 444, because there the property not delivered up was valuable in itself and the parties could not be placed in *statu quo* without delivery of such property.

2. But whether the verbal agreement operated a rescision or not, the subsequent consummation of it related back to the time of the agreement.—Montandon & Co. v. Deas, 14 Ala. 44. Nor did the purchase by the claimant before attachment destroy the lien of the plaintiff. This case does not fall within the cases of Thompson v. Spinks, 12 Ala. 155, and Dulany v. Dickerson, ib. 601. Those were cases where the property had been *removed from the premises* before action was brought, and the point decided was simply that the lien did not vest such a *property* in the crop as would sustain "*trespass.*" In these cases the court say he might have protected his lien by the remedy given by statute.—Clay's Dig. 506, §§ 4-5; Thompson v. Merriman, 15 Ala. 166.

3. The declarations of the defendant in execution should not have been permitted to go to the jury.—McBryde & Wife v. Thompson, 8 Ala. 650; Abney v. Kingsland & Co. 10 ib. 355. Here the *sale*, not the possession, was the *res gestæ*, and to have made the declaration admissible it should have been connected, as in Rembert & Hale, adm'rs, v. Brown, 14 Ala. 370, with the delivery, or some part of the sale, and does not fall in the class of cases of which Webster v. Smith, 10 Ala. 429, is an example.

4. The court erred in *assuming* that there was *any* evidence *of purchase* by claimant. The record shows there was no evidence of any consideration, delivery, or any thing to complete a purchase.—Yarborough v. Moss, 9 Ala. 390, § 8.

HUNTINGTON, for the defendant:

1. The declarations of Samuel Lewis while in possession of the crop, that he had sold the same to Powell, were competent to go to the jury.—See Rembert & Hale v. Brown, 14 Ala. 363-70; Webster v. Smith, 10 Ala. 429.

2. Even a judgment rendered during the term does not relate back to the first day so as to defeat a *bona fide* purchaser or

assignee.—Hope v. Brandon, 2 Stew. 401. An agreement to cancel a deed of land without actually cancelling it, cannot have the effect of a reconveyance.—Morse v. Child, 6 N. Hamp. 521. So a sealed executory contract cannot be rescinded or released by a parol agreement.—Delacroix v. Bulkley, 13 Wend. 71; Sinard v. Patterson, 3 Blackf. 353.

PARSONS, J.—This was a trial of the right of property between Elizabeth Hadden, (whose executors have succeeded her in the suit,) as plaintiff in attachment against one Lewis, and Powell, the claimant of the property, which was corn and cotton, on which the attachment was levied.

The Circuit Court on the trial admitted proof of the declarations of the defendant in the attachment, which were made late in August or early in September 1846, while he was in possession of the property levied on, that he had sold the same to Powell, the claimant. This was the only evidence on the part of the claimant of his title to the property, except that he proved that Lewis had been indebted to him for supplies to his family. The Circuit Court having admitted these declarations, charged the jury in the further progress of the cause in reference to the claimant's rights, "that if the jury should believe that he had purchased" the property, &c. thus treating the declarations as evidence of the purchase, for there was no other evidence of it. In both points we think there was error, and as they are reserved by the bill of exceptions, the judgment must be reversed. The declarations of a tenant in possession of land, when part of the *res gestæ*, are admissible; and the same rule prevails in relation to personal property. The declarations of a person so in possession may be received to explain the nature of his possession, as whether he held under a claim of his own or under another. But in this case the declarations proved were not of that character, but went far beyond it. They were the only evidence of the claimant's title. For such a purpose they were inadmissible and should have been rejected.—McBride & Wife and others v. Thompson, 8 Ala. 650, where the rule is correctly stated; Abney v. Kingsland & Co. 10 Ala. 355; Gary v. Terrill, 10 Ala. 206. It is to be observed that the declarations were not *res gestæ* in respect of the sale, but related to a previous sale, and as evidence of it were inadmissible.

2. We cannot make our opinion upon the next point clear without briefly stating the evidence relating to it.  Lewis, the defendant in attachment, in January 1846, went into possession of the land on which the corn and cotton during that year were produced.  He went into possession of the land as purchaser from Elizabeth Hadden, who had given him her bond for a title, and he had given her his promissory notes for the purchase money.  Lewis, about the time of the August election in 1846, told William Hadden, as the agent of Elizabeth, that he could not pay for the land and wanted the contract rescinded, to which William Hadden as Elizabeth's agent agreed, but required Lewis to pay rent for the land, and he reluctantly consented.  In October of the same year William Hadden as agent of Elizabeth, handed Lewis his promissory notes and received from him the bond for title, when Lewis remarked, " This is a final settlement," to which William Hadden assented.  The Circuit Court charged that the rescision was not complete until the interchange of the papers, and we are of that opinion.  At the time of the agreement Lewis did not look into the authority of William Hadden to make a valid agreement to rescind—his notes for the purchase money were not delivered to him, nor does it appear that William Hadden then had them.  And on the other hand, he held the bond of Elizabeth for title, which was neither delivered to William nor required.  The parties were not restored to their original situation, but each held papers against the other upon which a suit might have been brought; and although Lewis reluctantly agreed to pay rent, yet no particular sum was agreed on or mentioned.  The circumstances satisfy us that the parties did not then regard their agreement as complete, but looked to a further act which was very material. It is hardly necessary to add, that if they did not consider it as complete and final, the law would not so consider it.—Quincy et al. v. Tilton, 5 Greenl. R. 277; Milton v. Smith, 1 Mason's R. 437 ; Moon v. Shenk, 3 Barr's R. 13.   The lien given by our statute in favor of landlords and the remedy by attachment in certain cases, both depend upon the relation of landlord and tenant.  If Lewis fairly sold his crop to Powell before the rescision was consummated in October, until which time there was no tenancy and of course no lien on the crop, the sale was good.  It is not necessary to decide the question made at the

bar, whether an executory agreement under seal may be discharged by a subsequent parol agreement not executed.

Let the judgment be reversed and the cause remanded.