# Collins *v.* Whigham.

*Action for Conversion of Crop on which Plaintiff Claims Lien for Rent.*

1. *Several instruments relating to one contract; construed together.*—Where a bond for title is given, and written instruments are executed whereby a purchaser promises to deliver three bales of cotton annually, as the consideration of the purchase of lands, and they concern the same subject matter, the endorsements thereon being simultaneously executed, they must be construed together as if they were a single instrument.

2. *Contract in the alternative; election.*—Where a contract is in the alternative, conferring on one party the right to become the purchaser of land by delivering annually a certain quantity of cotton, or to deliver a smaller quantity as rent and become a tenant, such party has his election to become purchaser or tenant within the time for paying the first annual installment; after which, on his failure to elect, the other party can treat him as either a purchaser or tenant; but an election once made by either party is irrevocable.

3. *Same; actual performance necessary.*—An election made either by the party himself or his personal representative depends on the actual performance of either one or the other of the alternative stipulations.

4. *Statutory lien for rent; arises from what relation.*—The lien the statute creates for the payment of rent arises only from the relation of landlord and tenant, and not from that of vendor and vendee.

5. *Same; relation created by election, refers back to contract.*—Whenever the election is manifested by a performance or non-performance of the stipulations, all the rights and incidents of the relation, as between the parties, and all persons who have, with notice, acquired rights which may be impaired, will attach from the time of making the contract.

6. *Same; where a third party had notice* of such a contract, and knew it could be converted into a contract of renting at the election of either party thereto, whatever right or interest he might acquire in crops (cotton) grown on the premises would be subordinate to the landlord's lien for rent.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. H. D. CLAYTON.

This action was brought on the 1st of February, 1877, by Elizabeth Whigham against Nace Collins, to recover two

hundred dollars for the alleged conversion by him of three
bales of cotton, which cotton was grown on the premises of
plaintiff, by her tenant, one Elisha Wilkes.    The facts of the
case are as follows :    The plaintiff (appellee) agreed with
said Wilkes to sell certain premises of plaintiff to Wilkes on
condition that Wilkes pay her fifteen bales of cotton of 500
pounds each, deliverable in Clayton, Barbour county, in five
annual installments, of three bales each, on the first day of
November of each year—the first installment to be delivered
in November, 1875 ; and if the said Wilkes should fail to
deliver said cotton each year, it was agreed that he should
pay two bales rent each year so long as he remained on the
land.    In pursuance of said agreements, the appellee exe-
cuted her bond to make good the title in said land to Wilkes
upon his making good the payment of said annual install-
ments ; and said Wilkes executed his several promissory
notes in favor of appellee for the annual payment of said
installments, with an endorsement as follows, upon each
note :    "If the face value of this note is not paid as pur-
chase-money, then the said Wilkes is only to pay two five
hundred weight bales of cotton as rent for certain lands."
These notes and endorsements were dated December 13th,
1875—the date of the bond for title.

The evidence shows that said Wilkes failed to make good
said installments, but in the year 1876, his son, under his
directions, hauled two bales of cotton to Clayton with which
to pay the rent ; that after said agreements between appel-
lee and Wilkes, and before the first note to pay the first in-
stallment was due, the defendant (appellant) received three
bales of cotton from Mrs. Wilkes, the widow of said Wilkes,
the latter having died since the agreement, on which defend-
ant had a mortgage executed after said agreement.    The
bill of exceptions recites that "the proof showed that the
defendant had notice of plaintiff's claim or lien on said cot-
ton."

The above being all the evidence, the court, at the request
of plaintiff, in writing, charged the jury that "if they believe
the evidence, they must find for the plaintiff," to which de-
fendant excepted.    The giving of this charge and the rulings
of the court admitting said bond, notes and endorsements as
evidence, are now assigned as error.

W. D. WOOD, with whom was PARKS & HUBBARD, for appel-
lant.—1. The rights of the parties depend upon the con-
struction given the several instruments, which must be con-
strued together.—2 Parsons on Contracts, § 15.

2. Until the election was made, there was no tenancy, and

[Collins v. Whigham.]

Collins having purchased the cotton before that election was made, he acquired a title which cannot be disturbed. It would be a violent construction to say that the non-payment of the purchase-money would take away Mrs. Whigham's rights as vendor. She could file her bill to enforce the vendor's lien, and that right continues until the contract is rescinded. Her lien depends as much upon this election as upon the non-payment of purchase money. This right of election is in the obligee to the bond for title.—2 Pars. on Contr. § 21; *Jackson v. Myers*, 3 John. 389; 16 John. 173.

3. The lien of landlord under our statute is made to depend on two things—a contract to pay rent, and the relation of landlord and tenant.—*Hadden v. Powell*, 17 Ala. 314; *Tucker v. Adams*, 52 Ala. 379.

JOHN D. GARDNER, *contra*.—1. There was nothing in the agreement between Mrs. Whigham and Wilkes inconsistent with the relation of landlord and tenant.—See 3d Head Note in *Seabury v. Stewart & Easton*, 22 Ala. 207.

2. The charge of the court was given in reference to the undisputed fact that the defendant had gotten possession of cotton which was covered by plaintiff's lien. The bill of exceptions states that "the *proof* showed that the defendant had notice of the plaintiff's claim or lien on said cotton."

BRICKELL, C. J.—1. The bond for title, the instruments by which Wilkes promised to deliver the three bales of cotton annually, as the consideration of the purchase of the lands, and the endorsements thereon were cotemporaneously executed, relate to the same transaction, and must be construed together as if they were a single instrument.—*Sewall v. Henry*, 9 Ala. 24.

2. The contract which they import is in the alternative, conferring on Wilkes the right either to become the purchaser of the lands by delivering the number of bales of cotton specified annually as the consideration of the purchase, or, to deliver a smaller number as rent, and become a tenant. Whether he would become a purchaser or a tenant rested in his own election, until the time for the payment of the first annual installment. The principle is, that "in case an election be given of two several things, always he that is the first agent, and which ought to do the first act, shall have the election." If he failed to make the election at that time, then Mrs. Whigham could elect to treat him as a purchaser, bound to the delivery of the cotton specified as the consideration of the purchase, or as a tenant liable for the less quantity as rent. The election once made by either was,

VOL. LVIII.

[Collins v. Whigham.]

without the consent of the other, irrevocable.—Chitty on Con. 1061.

3. The evidence seems undisputed that in 1876, before the maturity of the first note or instrument, Wilkes directed his son to take two bales of cotton to the gin for the purpose of paying the rent, indicating that he intended to elect to assume the relation of tenant, and not that of purchaser. Mrs. Whigham was not informed of this intention, and the death of Wilkes prevented him from consummating it. After his death, there was no election by his personal representative, so far as is shown by the bill of exceptions. The election, whether made by Wilkes or his personal representative, depended on actual performance of one or the other of the alternative stipulations—either the payment of the quantity of cotton specified as the consideration of the purchase, or of the quantity specified as rent. There being no performance, Mrs. W., as she had the right, elected to treat it as a contract of renting, and not of purchase.

4. The lien the statute creates for the payment of rent, arises only from the relation of landlord and tenant, and not from that of vendor and vendee.—*Tucker v. Adams*, 52 Ala. 254; *Hadden v. Powell*, 17 Ala. 314. The existence of the relation, may rest in the election of the parties, and depend on the performance by the tenant of one or the other of the alternative stipulations in the contract into which he enters.

5. When the election is manifested, or there is performance, or non-performance of the alternative stipulations, creating the relation, the act must be referred to the time of making the contract, and the relation regarded as commencing and continuing from that time. All the rights and incidents of the relation, as between the parties, and all persons who have not, without notice, acquired rights which may be impaired, will attach from the time of making the contract. The landlord will become entitled to the lien for the payment of the rent, the statute creates, and may, for its enforcement, pursue the statutory remedy.

6. The appellant had notice of the contract between Wilkes and Mrs. Whigham, and having notice of it, knew that it could be converted into a contract of renting at the election of either. Whatever right to, or interest in the cotton grown on the premises he acquired, was subordinate to the lien of Mrs. Whigham.

The rulings of the Circuit Court were in accordance with these views, and the judgment is affirmed.