## LAFFIN v. BILLINGTON.

(Supreme Court, Appellate Term.　January 25, 1904.)

1. EXPERT WITNESS—CONTRACT FOR CONDITIONAL COMPENSATION—ILLEGALITY.
　　Where the evidence shows that a physician called as an expert witness for plaintiff testified under a contract that he should recover 10 per cent. of the judgment obtained by the plaintiff, the services bargained for were illegal, and the physician cannot recover for the same.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Charles J. Laffin against Reno R. Billington. From judgment for defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

Warren S. Burt, for appellant.
Charles Polk Caldwell, for respondent.

MacLEAN, J. The plaintiff, a physician, alleges that he rendered professional services, both medical and surgical, to one Mary E. Moore, for injuries received by her through the negligence of the

¶ 1. See Contracts, vol. 11, Cent. Dig. § 617.

Metropolitan Street Railway Company; that such services were reasonably worth the sum of $135, of which $25 has been paid; that said Mary E. Moore, through her attorney, the defendant herein, brought suit against said company, and recovered judgment of $2,250, with costs; that the defendant herein, at the request of the said Mary E. Moore in writing, to induce this plaintiff to give expert testimony upon the trial of her said action, agreed, in writing, and in consideration of the plaintiff's giving such testimony, to give the plaintiff 10 per cent. of any amount realized out of said action for his fees, which was to cover balance of bill for medical services and in full for expert testimony; that he gave such expert testimony, and assisted the defendant herein and said Mary E. Moore in the preparation of her case; that that judgment has been paid, and the sum of $200 thereof retained by the defendant herein for the benefit of this plaintiff; and that there has been demand and refusal of its payment. At the trial the plaintiff testified that it was agreed that he was to get 10 per cent. if he help work up the case; that the defendant herein asked him to work up the case, and see what he could do; that he told him he would take up the expert end if he got 10 per cent. of the settlement or judgment; that he told the defendant he wouldn't go ahead with that case as an expert witness without his personal guaranty, as he had no faith in the honesty of said Mary E. Moore; that the defendant herein interrogated him in regard to the question he was to ask upon the trial; that at the trial he gave expert testimony; and introduced the following writing:

"R. R. Billington Esq,
"Dear sir.
"You are hereby authorized to pay Dr. Laffin his fee out of any amount you may be able to realize out of my suit against the Railroad Company,
"Mary E. Moore.
"I hereby agree to pay Dr. Laffin 10 per cent of any amount that Mrs. Moore may realize out of the above mentioned suit, fee for his professional services.
"R. R. Billington, Attorney for Mrs. Moore."

The defendant, who, by his answer, as by his motion, urged the illegality and invalidity of the agreement by himself and by one in part associated with him, testified that the plaintiff stated that he would not say anything about the facts of the case; that he could tell the truth in such a way that it would ruin the case; that "if you don't sign the contract, it is all up"; the Metropolitan Street Railway Company had offered him pay for his services, and he would go over to them; that another doctor, his assistant, would do whatever he did; and that the defendant herein offered to pay him a reasonable sum for his services as an expert if he were called as such, and finally "I said to Doctor Laffin, suppose the attorney on the other side asks you on the stand what you are getting for testifying here, you will have to tell him you are going to get 10% of the verdict. He said, 'I will say I have no contract, but,' he said, 'to avoid that, you sign the contract, and leave it with my attorney, and I won't see it,' and he absolutely refused to go on the stand and testify unless I did that, and I finally sent down to Mr. Burt, and had the paper put in an envelope and sealed, and left it with him." This was denied in part on the rebuttal, but upon the character of the testi-

mony of the plaintiff herein in the action against the Metropolitan Company there was conflict. The trial justice, the arbiter in this instance of the credibility of the witnesses, rendered judgment in favor of the defendant, and upon the evidence his determination will not warrant interference here. Upon the character of the services bargained for, as apparently determined by the judgment, were the judgment otherwise, it might be timely to add (from Wellington v. Kelly, 84 N. Y. 543, 548, and substituting Tindal, C. J., for Lord Denman):

"Unless the rule is that every agreement made by a third person to furnish evidence in a litigation for compensation contingent upon the event is illegal. I find no authority for so extensive a proposition. In Stanley v. Jones, 7 Bing. 369, it was held that an agreement made by a third person to communicate to a person claiming to have been defrauded such information as should enable him to recover damages for the fraud, and to exert his influence to procure evidence to substantiate the claim, upon condition of receiving a portion of the sum recovered, was illegal. In that case the person making the agreement to communicate the information was entire stranger in interest to the proposed litigation, and professed to have knowledge of facts of importance to the party, but which he did not disclose." Tindal, C. J., said that "such an agreement was illegal from its manifest tendency to pervert justice, and we fully assent to the decision in that case. An agreement by a stranger to furnish evidence to substantiate a claim or defense for a compensation depending upon the success of his efforts is dangerous in its tendency, as furnishing an inducement for perjury and the subornation of witnesses."

Useful in the same direction is Lyon v. Hussey, 82 Hun, 15, 31 N. Y. Supp. 281. The judgment rendered herein must be affirmed, with costs.

Judgment affirmed, with costs. All concur.