[Civ. No. 7649. First Appellate District, Division One.—January 20, 1931.]

THOMAS F. CANTWELL, Respondent, v. ARTHUR G. GAGE, Appellant.

Mitchell, Silberberg & Davis and Peery Price for Appellant.

Rohe & Freston and Mulroney, Murphy & Doherty for Respondent.

TYLER, P. J.—Action to recover a premium on a life insurance policy.

The basis of the action is an instrument in writing denominated by the parties as a promissory note. The instrument called the note reads as follows:

"$3277.50                                    December 20, 1922

"As endorsed hereon after date, for value received, I promise to pay to the order of myself Three Thousand Two Hundred Seventy-seven 50/100 Dollars with interest at the rate of six per cent per annum from date until paid."

On the back thereof appears the following indorsement:

"Payable 25% on the first day of the month on the succeeding thirty days after the first well comes in on the Howland and Hopkins Strip at Santa Fe Springs Oil Field. Payable in cash 75% on the succeeding 60 days thereafter. If however the well should come in for less than 1000 barrels settled after thirty days, policy to be reduced to $50,000.00 and first $50,000.00 to be cancelled out on monthly term rate of company.

"(Signed) ARTHUR G. GAGE."

As indicated from the foregoing, Gage was engaged in the business of drilling for oil. Plaintiff was an insurance agent. The agreement was given in payment of a full year's premium upon a life insurance policy. This policy

insured appellant's life for the sum of $100,000 in favor of his wife and was issued on November 29, 1922. The agreement sued upon was made in favor of respondent agent, for the reason he had paid the insurance company the net amount of the premium, less his commission. Nothing having been paid by Gage upon the contract, action was brought by plaintiff to recover the full amount due thereon. Judgment went in favor of plaintiff, and defendant appeals.

It was appellant's contention at the trial that the instrument sued on was payable upon the condition that the first well which was being drilled upon the property at the time the contract was made, should produce oil. The trial court found in substance that it was not true that payment depended upon the happening of this condition. There is no evidence whatever in the record to sustain this conclusion. The evidence shows that defendant Gage had an interest in the lands mentioned in the instrument sued upon. He contemplated drilling a well on the property and had confidence that it would be a good producer. The property is situated in the Santa Fe Springs district. Plaintiff on many occasions had attempted to sell defendant life insurance but had met with no success. Finally, unbeknown to defendant, and upon his own initiative, plaintiff caused the insurance company he represented to issue defendant a policy subject to his approval. Upon the policy being issued, plaintiff called upon defendant and again solicited him to procure insurance and at the same time informed him of the arrangement he had made with the company. Defendant then told plaintiff that he knew it would be a good thing for his family and if the well he was drilling came in, as he believed it would, he would be very glad to take the policy. He informed plaintiff that the well he was drilling ought to be completed in about three months. Plaintiff, according to his own testimony, replied, ''All right; three months is not so far ahead, and I will take a chance with you on that basis.'' Thereupon the instrument sued on was prepared by plaintiff and signed by defendant. Defendant proceeded with his drilling operations upon the well, but it produced no oil and was subsequently abandoned, and plaintiff was so notified. Some time thereafter, defendant made arrangements to and did drill a second well, with the same result. A third well was then sunk and

this well has been producing about one hundred barrels a day since the latter part of 1923.

The finding of the trial court that it was not true that the instrument sued upon was payable upon the happening of the condition that the first well then drilling on the property should come in, is indefinite. The record, however, discloses that the trial court was of the opinion that there was no ambiguity in the instrument and that the language referred to any well that might be first brought in. It also appears that the court was of the further opinion that if no well was ever brought in, nevertheless defendant would be responsible for payment within a reasonable time. Either conclusion finds no support in the record. The instrument itself and all the evidence and surrounding circumstances negative any such determination. There is no evidence in the record to show that at the time the agreement was entered into, defendant ever contemplated the digging of any other well. He had great confidence that the first well would come in and be a large producer. He was also of the opinion that it would be brought in in about three months and the parties contracted for payment accordingly.

The evidence also shows that if the well which was being drilled when the contract was made failed to come in, defendant would be unable to take the policy; that plaintiff understood this condition and agreed in such event, that it was to be canceled. All of the evidence and the surrounding circumstances show conclusively that the contract was payable only upon the condition that the well which was being drilled at the time the agreement was made should come in, and that such contingency never happened. The bringing in of this particular well was a condition precedent to the right of plaintiff to recover. As he expressed it, he took his chance. Having done so, he should be made to abide the result. ■ It is elementary that where a promise is conditional, it is incumbent on a plaintiff to allege and prove that the condition has been complied with before he can recover. (*Van Buskirk* v. *Kuhns,* 164 Cal. 472 [Ann. Cas. 1914B, 932, 44 L. R. A. (N. S.) 710, 129 Pac. 587].) Here plaintiff has utterly failed to make such proof.

The judgment is reversed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 19, 1931, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 19, 1931.