[Civ. No. 7650. First Appellate District, Division One.—January 20, 1931.]

THOMAS F. CANTWELL, Respondent, v. ARTHUR G. GAGE, Defendant; MARIE B. GAGE, Appellant.

Mitchell, Silberberg & Davis and Peery Price for Appellant.

Rohe & Freston and Mulroney, Murphy & Doherty for Respondent.

TYLER, P. J.—This appeal is prosecuted by the intervener Marie B. Gage from a judgment denying her any relief against an attachment on real property standing in her name, which was levied during the course of a suit against her husband, Arthur Gage, the defendant herein.

In the latter suit the intervener filed a complaint in intervention, claiming ownership of the attached property. Her complaint in intervention, which followed an unsuccessful motion to dissolve the attachment, prayed for a dissolution of the attachment, being in effect an attempt to quiet title against the attachment. The complaint in intervention set up the attachment in the original action levied upon property alleged to be that of the intervener. In reply to the complaint in intervention, plaintiff denied generally and specifically all the allegations of the complaint and set up three affirmative defenses. All of these defenses are based upon the theory of a fraudulent conveyance of the attached property to intervener by her husband.

The court gave its judgment in favor of plaintiff and respondent, the judgment being that the intervener take nothing by her complaint in intervention. Several grounds are urged for a reversal of the judgment. It appears from the record that the conveyance of the property in question was made by defendant to his wife some seven years prior to the creation of plaintiff's indebtedness. It is claimed by appellant that the evidence shows at that time defendant was solvent and there is no evidence of a fraudulent intent on the part of defendant in making the transfer. It is further claimed that there is no finding by the court upon this question which, it is urged, is necessary to support the theory of fraudulent conveyance. The additional claim is made that plaintiff was not an existing creditor at the time of the conveyance, for which reason he cannot be heard to complain. Relief was denied the intervener upon the ground that she did not come into court with clean hands. This theory was based upon the conclusion of the trial court, so it is claimed, that the intervener had so conducted the property as to justify the imposition upon her of a constructive trust. ■ We do not think we are called upon to discuss or decide the various questions presented upon this appeal, for the reason that they have become moot. The only purpose of respondent in this proceeding is to keep in force the attachment until the final determination of the status of the basic action in which the attachment issued. We have this day decided (*ante*, p. 209 [295 Pac. 375]) that defendant was not liable upon the instrument sued upon. This being so, any question concerning the

validity of the attachment becomes unimportant. The judgment, therefore, has no longer any force or effect and should, therefore, be reversed. It is so ordered.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 19, 1931, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 19, 1931.