[Civ. No. 7665. First Appellate District, Division One.—March 10, 1931.]

LILLIAN PELKEY, Appellant, v. JOHN L. HODGE, et al., Respondents.

[Civ. No. 7666. First Appellate District, Division One.—March 10, 1931.]

MADALINE CLUTTER, etc., Appellant, v. JOHN L. HODGE et al., Respondents.

Lewis & Lehman and Walter L. Case for Appellants.

Redwine & Redwine, Anderson & Anderson and Edward K. Sheahan for Respondents.

DOOLING, J., *pro tem.*—These two cases have been consolidated on appeal because they involve complaints based upon identical facts and contain identical allegations. Demurrers were sustained to the amended complaints in each case and appeals are prosecuted from the judgments which followed.

The complaints in substance allege that plaintiffs and appellants were witnesses to a certain will and were called as witnesses at the trial of the contest of such will before a jury, at which trial they were in attendance for about three weeks; that they had not received their witness' fees, and that after the case had gone to the jury and while the jury was deliberating, they demanded their witness' fees, and that defendants then stated to plaintiffs "that if they would waive all claim against defendants for their fees while attending court at said trial, if the verdict of the jury then out would be returned favorable to defendants, and if they won their case, that defendants would upon receiving their money from the estate pay to" plaintiffs the sum of $10,000 each. It is further alleged that this offer was accepted and the witness' fees waived; that the jury returned a verdict favorable to defendants herein and that the will was accordingly admitted to probate and the defendants received from the estate a sum in excess of $200,000 and that they paid to each plaintiff the sum of $2,000 and no more.

The sole question presented on appeal is whether the contract as alleged is against public policy and therefore void. It is well settled that a contract to pay a witness for testifying where the payment is made contingent upon the success of the litigation is against public policy, since such a contract offers an inducement to perjury and tends to prevent the administration of justice. (*Dawkins* v. *Gill,*

10 Ala. 206; *Laffin* v. *Killington,* 86 N. Y. Supp. 267; *Bowling* v. *Blum,* (Tex. Civ. App.) 52 S. W. 97; *Davis* v. *Smoot,* 176 N. C. 538 [97 S. E. 488]; *Keown & McEvoy* v. *Verlin,* 235 Mass. 374 [41 A. L. R. 1319, 149 N. E. 115]; *Sherman* v. *Burton,* 165 Mich. 293 [33 L. R. A. (N. S.) 87, 130 N. W. 667]; 13 C. J., pp. 448, 449; 6 R. C. L., p. 756.) ▮ Appellants contend that the foregoing rule has no application to the contract here because the contract was entered into after their testimony had been given and the jury had retired and hence the evil against which the rule is invoked did not exist. The payment, however, was made contingent upon defendants winning their case and receiving the money from the estate and in the event of the granting of a motion for new trial or a reversal on appeal, appellants would be called upon to testify again in which event the temptation to perjury against which the rule is directed would exist. ''Where a contract belongs to this class, it will be declared void, although in the particular instance no injury to the public may have resulted. In other words its validity is determined by its general tendency at the time it is made, and if this is opposed to the interests of the public it will be invalid, even though the intent of the parties was good and no injury to the public would result in the particular case. The test is the evil tendency of the contract and not its actual injury to the public in a particular instance.'' (13 C. J., p. 425.) Measured by this standard, we must hold the contract set out in the complaints invalid.

Judgments affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 9, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 4, 1931.