[Civ. No. 2422. Fourth Appellate District.—December 4, 1939.]

BERNARD STERN, Appellant, v. DAN FRANKS et al., Respondents.

Chaim Shapiro for Appellant.

McFadden & Coomber for Respondents.

BARNARD, P. J.—This is an action on a promissory note for $2,800, dated June 9, 1934.

The defendants were in the business of wholesaling wine. About February 1, 1934, the plaintiff entered into an agreement with them whereby he would buy and pay for wine in carload lots, place the wine in a warehouse and release small quantities to the defendants from time to time as they paid for it, with a profit of five cents per gallon to the plaintiff. After three or four carloads were handled in this manner the plan was modified, the plaintiff delivering wine in carload lots to the defendants who gave him several postdated checks, dated at intervals, covering the purchase price with the plaintiff's profit. Several carloads were handled in this manner. At a time when $2,800 in postdated checks were outstanding on the last carload so handled certain creditors of the defendants levied an attachment, which led to bankruptcy proceedings. The defendants were adjudicated bankrupts, the outstanding checks were listed in that proceeding, and the plaintiff filed therein a claim for the amount of said checks. Subsequently, the note in question was given to the plaintiff by the defendants and thereafter this action was brought.

The court found that it was not true that $2,800 was now due on said promissory note; that it was true that the defendants were indebted to the plaintiff in the sum of $2,800; and that after the defendants were adjudicated bankrupts and while the bankruptcy proceeding was pending the plaintiff agreed with the defendants that if they would execute a note to him in the sum of $2,800 he would enter into a partnership with them for the purpose of wholesaling wine and would furnish $3,500 as capital, the plaintiff to hold title to all assets, the defendants to be silent partners and to work in and about the business, the plaintiff and the defendants to share equally in the profits, and that "from the profits the defendants would pay to the plaintiff the amount of the promissory note". It was further found that pursuant to this agreement the defendants executed the promissory note, and that the plaintiff failed and refused to enter into the partnership and to furnish $3,500 as capital for the business. As conclusions of law it was found that because the plaintiff had failed to fulfill his agreement the con-

sideration for the note had wholly failed and that the promise to pay the same was unenforceable. Judgment was entered in favor of the defendants and the plaintiff has appealed.

■ It is first contended that it appears as a matter of law that there was not an entire failure of consideration for the reason that a moral obligation existed, in spite of the bankruptcy proceeding, to pay the preexisting debt and that this moral obligation was a sufficient consideration regardless of any breach of his agreement on the part of the appellant. The appellant relies particularly on the case of *Philpot* v. *Gruninger*, 81 U. S. (14 Wall.) 570 [20 L. Ed. 743]. In that case a note was given for a preexisting debt and on the same day the creditor agreed to put certain properties of his into a stock company being formed by the debtors and others. The question under consideration by the court was as to whether a certain instruction was prejudicial. The court pointed out that a creditor might do a favor for his debtor or enter into a new contract with him induced by which the debtor might give a note for a previously existing indebtedness. The court then said: "Without the favor or the new contract there is in such a case a full consideration for the note, and the parties may not have contemplated that the favor or the new contract was to be paid for." In the instant case, the court found that the giving of the note was to be paid for by entering into a partnership and conducting a business as such.

As pointed out in the case of *Philpot* v. *Gruninger, supra,* "Nothing is consideration that is not regarded as such by both parties. It is the price voluntarily paid for a promisor's undertaking." We have here a situation where it was expected by all the parties that the pending bankruptcy proceedings would effectively end the liability of the respondents for the debt. While it is true that the moral obligation, if so intended by the parties, would have been a sufficient consideration for a voluntary agreement to pay such a debt regardless of the bankruptcy proceeding, it clearly appears that there was no such voluntary promise here and that the moral obligation was not regarded as a consideration by any of the parties. Under the circumstances here appearing, the real consideration was the agreement to furnish capital for the continuation of a business under a partnership arrangement.

The technical contention that the consideration for the note thus given was the appellant's agreement to furnish capital and enter into a business and that this promise is a sufficient consideration regardless of whether or not he broke that promise, is of no help to the appellant for another reason. The court found that the note was given under an agreement that it was to be paid out of the profits of the contemplated business, for which the appellant was to furnish the capital, although the appellant maintains that this finding is not supported by the evidence.

While the appellant testified that he had made no agreement to go into the business with the respondents or to furnish capital for such an enterprise, both of the respondents testified to the making of such an agreement. One of them testified that while the bankruptcy proceeding was pending the appellant asked him why they could not pay something on these checks; that he told the appellant there was no way they could pay anything and that he would have to share with the other creditors; that the appellant said: "I am into it now . . . I would be willing to go further. I could possibly help you people along to help you get this money"; that they talked the matter over and it was orally agreed that the three would go into the wine business, the profits to be divided three ways; that the appellant would furnish not less than $5,000 and be the head of the business and have charge of the assets; that the other two would do the work and sell the wine; that the respondents should draw so much a week and the balance of their share should be applied on this old debt; that upon this understanding and on this agreement they signed the note; and that the plaintiff later refused to go on with the business or finance the same. The note sued upon contains the provision that any sums which the payee might receive as dividends from the bankrupt estate are to be credited thereon. The other respondent testified that he told the appellant that it would be useless for them to sign a note as it would not be worth anything because they were in bankruptcy, that they could not pay the debt unless they got into something which would yield an income, that he further told the appellant that if he would go in with them and enable them to do this they would sign the note and that the appellant agreed to the arrangement which had been discussed. We think this evi-

dence, with the reasonable inferences therefrom, supports the finding that this note was signed upon the understanding that it was to be paid out of the respondents' share of the profits derived from the business to be conducted in the manner testified to and for which the appellant agreed to furnish the capital. The maker of a note is not liable where the note is payable out of a certain fund which fund never comes into existence. (*Flippen* v. *Abbey,* 135 Cal. App. 666 [27 Pac. (2d) 792].)

The appellant contends that the court's finding to the effect that he was to furnish $3,500 as capital for the new business is not sustained by the evidence since the specific amount of $3,500 was nowhere mentioned in the testimony given in this connection. It appears from the evidence that the amount which the appellant agreed to put into the business was from $3,000 to $5,000. There is an apparent error in the amount mentioned in the findings, but that error is harmless as it makes no difference what the precise amount was which was to be put into the business by the appellant.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.