[Civ. No. 11895.   First Dist., Div. One.   Feb. 17, 1942.]

C. LEON DE ARYAN, Respondent, v. ROY O. AKERS,
Appellant.

Roy O. Akers *in pro. per.* for Appellant.

C. Leon de Aryan *in pro. per.* for Respondent.

KNIGHT, J.—Plaintiff sued on a verbal contract to recover
$2.10. The action was brought and tried in the Superior Court
of San Diego County. Findings of fact and conclusions of
law were waived, and judgment was entered in favor of plain-
tiff for the sum demanded, from which judgment defendant
appeals. The grounds of appeal, as defendant states them in
his brief, are: "First. That the evidence is insufficient to
justify the decision. Second. That said decision is against the
law." Each point is well taken.

It appears from the admitted allegations of the com-
plaint and the undisputed evidence that the plaintiff, C. Leon

de Aryan, during the month of January, 1940, paid to the defendant, Roy O. Akers, $70 for printing one weekly issue of "The Broom," a weekly newspaper owned and published by plaintiff, and at the same time paid to defendant, under protest, the additional sum of $2.10 as a sales tax. The latter sum, so the complaint alleges, was paid pursuant to a verbal agreement between the parties that if the State Board of Equalization was legally authorized to collect a sales tax from the defendant Akers, plaintiff's protest should be deemed void; "but if the courts were to rule said collection of a 3 per cent sales tax on $70, in the sum of $2.10 from defendant Akers by the State Board of Equalization to be illegal for any cause whatever, said sales tax of $2.10 must be returned to plaintiff." In other words, according to the terms of the verbal agreement pleaded and proved, plaintiff's right to the return of the $2.10, hence his right to bring an action against the defendant for the recovery thereof, accrued only upon the happening of a condition precedent, to-wit, a court determination that defendant was not liable for the payment of said tax; and nowhere in the complaint is it alleged, nor was any evidence introduced to show, nor does plaintiff claim, that prior to the commencement of this action any such court ruling was rendered herein or in any case involving a like situation. To the contrary, the undisputed evidence shows that at the time of the trial herein the controversy between defendant and the State Board of Equalization as to whether defendant was liable for the payment of the tax was still pending before said board; and that no court action has ever been instituted to collect the tax. Therefore, under the terms of the verbal agreement sued upon, no cause of action existed in favor of plaintiff for the return of the $2.10 at the time he commenced this action.

In view of our conclusion that the action has been prematurely brought, it is not necessary to discuss the question as to whether such action was properly brought in the superior court.

The judgment is reversed.

Peters, P. J., and Ward, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 16, 1942. Traynor, J., did not participate therein.